WYANT, Appellant, v. FAITH TOWNSHIP, Respondent.

(207 N. W. 87.)

(File No. 5444.   Opinion filed January 23, 1926.)

1. **Appeal and Error—Contributory Negligence—Automobiles—Ruling as to Contributory Negligence and Measure of Damages Held Not Prejudicial to Plaintiff, in Absence of Evidence of Defendant's Negligence.**

    In action against township for death of minor child in automobile accident on a highway, in absence of evidence showing defendant's negligence in construction and maintenance of a highway, rulings that contributory negligence of driver of automobile would bar recovery, and that damages for pain and suffering would not be allowed, held not prejudicial to plaintiff.

2. **Highways—Negligence—Thawing Snow, Making Road Slippery for Single Day, Held Not Negligence in Maintenance of Highway.**

    Evidence of water from thawing snow making a small portion of the road slippery during afternoon of a single day held insufficient to show negligence in the maintenance of a township highway.

3. **Highways—Negligence—Failure to Protect Travel by Use of Guard Rails Not Actionable Negligence.**

    Failure to protect travel on a township highway by use of guard rails cannot be considered actionable negligence.

4. **Evidence—Judicial Notice—Court Takes Judicial Cognizance that Revenues Will Not Permit Guard Rails on Roads in Thinly Settled Portions of the State.**

    The court must take judicial cognizance of the fact that in many thinly settled portions of the state the revenues will not permit the furnishing of guard rails and other safeguards found on highly improved roads.

5. **Highways—Townships—Holding that Townships Cannot Maintain Roads in Thinly Settled Portions of State Without Protection Equivalent to Saying that No Roads Could Be Maintained There.**

To hold that townships cannot maintain roads in hilly and thinly settled portions of the state without protecting ordinary hillside declivities by guard rails in many cases would be equivalent to saying that no township roads can be maintained in such localities.

6. **Highways—Assumption of Risk—Persons Using Township Roads Must Assume Risks and Inconveniences Inseparable Therefrom.**

Persons using township roads in hilly and thinly settled portions of the state must assume some of the risks and inconveniences inseparable from such condition.

Appeal from Circuit Court, Meade County; Hon. James Mc-Nenny, Judge.

Action by Elizabeth N. Wyant, administratrix of the estate of Robert C. Wyant, deceased, against Faith Township in Meade County. From judgment for defendant, and from order denying a new trial, plaintiff appeals. Judgment and order affirmed.

*M. H. Powell,* of Faith, and *Clark & Henderson,* of Yankton, for Appellant.

*E. M. Sayles,* of Sturgis, and *Dan McCutchen,* of Belle Fourche, for Respondent.

MORIARTY, C.  This is an action brought by the appellant, Elizabeth N. Wyant, in the capacity of administratrix of the estate of Robert C. Wyant, deceased. The action was brought to recover from the respondent, Faith township, damages for the death of Robert C. Wyant in an automobile accident. It is alleged in the complaint that the accident which caused the damages complained of was due to the negligence of the respondent in failing to maintain in a safe condition the highway upon which the accident occurred.

Respondent's answer admits that it was responsible for the maintenance of the highway mentioned in the complaint, but denies that there was any negligence in the manner in which said highway was constructed or maintained, and it alleges that at the time the accident occurred said highway was in a reasonably safe condition for travel, and that the accident was wholly due to the negligent manner in which the automobile in which the decedent

was riding was maintained, operated, and driven. The answer alleges that said Robert C. Wyant was a minor about five years old; that the car in which said minor was riding at the time of the accident was owned, driven and operated by B. C. Wyant, the father of said minor; that the accident was wholly due to the negligence of said B. C. Wyant in the maintenance and operation of said car; and that, even if there were negligence in the construction or maintenance of the highway, the appellant, who is the mother of said deceased minor child, cannot recover in this action.

The facts are practically undisputed, and are as follows:

On December 9, 1921, B. C. Wyant was living in Meade county, south of Faith. In the forenoon of said day Mr. Wyant went to Faith, taking his family with him, in a Reo Six touring car. In going to town he passed over the road upon which the accident occurred, reaching the point of the accident at about 10 o'clock. At about 3 o'clock in the afternoon of that day Wyant left Faith for the homeward trip. In the above-mentioned car were Wyant, his wife, the appellant herein, and their four children, ranging in age fro ma boy of nine to a babe in arms. Wyant and the oldest boy were riding in front, the father driving, and appellant and the other three children rode in the rear seat. In addition to these occupants there were in the car some groceries and a sack of chicken feed, and lashed to the running boards outside were a box of apples and a 15-gallon can of gasoline on one side and a 15-gallon can of kerosene on the other. About 3½ miles south of Faith the road crosses a small stream known as Spoon creek. The creek is crossed by a bridge, and from this bridge the road leading southward skirts around the side of a hill, being shelved into the hillside, and for some distance following the creek bank pretty closely. From the bridge this road ascends the hillside by a moderate grade. Some time prior to the date of the accident a small drift of snow had accumulated against the bank next to the hill where the road was shelved in, as above stated. The traveled part of the road at this point was a few inches higher at the inner side than at the outside, nearest to the creek bank. On the afternoon of the accident the small snowdrift at the inner side of the curve had been melting somewhat, and some water had flowed from this drift into the road, wetting the surface of the traveled portion of the road over a space of about 12 feet

along the line of travel, and extending from the snow bank about to the outer wheel track of the traveled portion of the road. When the Wyant car was going up this hill on the afternoon of the accident it reached the wet spot in the roadway, and there it stalled. The brakes were set, and held the car for a time, but the car gradually backed down the hill, and skidded toward the outside of the roadway. Wyant says that when he saw that the car was going over the edge of the road he attempted to steer it so it would back straight down the declivity at the side of the road. The car ran against a small tree that Wyant had not observed. The tree broke off, and the car was overturned onto the ice in the creek. The little boy, Robert, was pinned between the ice and the seat-back of the overturned car and was killed almost instantly.

The soil of the road where the car stalled was sandy and hardpacked. The road was in continuous use, and no other accident ever occurred there. Persons who testified at the trial passed over the road on the day of the accident and on the days immediately before and after that day. Some of these witnesses went up the grade with heavily loaded trucks, and had no difficulty in so doing. With the exception of the snowdrift and the water flowing from it, the road was in the same condition as it had been for months before, and it remained in the same condition up to the date of the trial in October, 1922. There were no guard rails at the side of the road next to the creek bank. Wyant had skid chains in the car, but did not have any on the wheels.

The case was tried to a jury, and the jury returned a general verdict in favor of the defendant township, respondent herein. The trial court entered judgment in accordance with said verdict, and denied appellant's motion for new trial, and from said judgment and the order denyng a new trial this appeal is taken.

Appellant's counsel assign errors of the trial court in admitting certain evidence as to the load carried by the Wyant car at the time of the accident, and the rate of speed at which it was being driven shortly before it reached the place of the accident.

The refusal of instructions proposed by appellant and the giving of instructions excepted to are also assigned as error.

[1] The evidence admitted over appellant's objections deals solely with the alleged negligence of B. C. Wyant in operating his car, and the rejected instruction deals with the right to recover

for the pain and suffering of appellant's intestate. The instructions given by the trial court are to the effect that contributory negligence of the driver would bar recovery by the appellant, and that damages for pain and suffering of the deceased minor child could not be allowed.

Evidently none of these matters complained of could be prejudicial to appellant, unless she presented evidence sufficient to show that the death of her intestate was proximately caused by negligence of the respondent in the matter of the construction or maintenance of the highway. Had the jury found for appellant in any amount, we would be obliged to say that they had found that there was negligence on the part of the respondent, but, as the jury returned a general verdict in favor of respondent, we are not bound to assume that the jury found that there was any such negligence, and the question whether there is evidence in the record sufficient to support a finding of negligence on the part of respondent comes before us without any presumption founded on either the verdict or any ruling of the trial court. If there was not evidence sufficient to show respondent's negligence, then no rulings as to contributory negligence or as to measures of damages can be considered as prejudicial to appellant.

[2-6]   We do not consider that evidence of the water from thawing snow, making a small portion of the road slippery during afternoon of a single day, is sufficient to show negligence in the maintenance of a township highway; nor can the failure to protect travel by the use of guard rails be considered actionable negligence in a road of the class involved in this action. The court must take judicial cognizance of the fact that in many of the thinly settled portions of the state the revenues will not permit the furnishing of guard rails and other safeguards found upon highly improved roads. To hold that townships cannot maintain roads in the hilly and thinly settled portions of the state without protecting ordinary hillside declivities by guard rails in many cases would be equivalent to saying that no township roads can be maintained in such localities. Persons using such roads must assume some of the risks and inconveniences inseparable from such conditions. The result of the accident involved in this case is deplorable, but we are unable to see that any negligence of the respondent township was responsible therefor.

The issues on this appeal do not appear to be controlled by the decision of this court in Hanigan v. Minnehaha County and Edison Township, 47 S. D. 606, 201 N. W. 522. In that case this court affirmed the sustaining of a demurrer interposed by the defendant township; the decision being based upon the ground that the complaint showed the road involved to be a county highway and the township not being liable for the maintenance of such highways. The county's demurrer was sustained on the ground that, while the county was charged with the duty of maintaining the road, there was no statutory provision for liability for damages resulting from negligent construction or maintenance. Neither of these phases apply to the facts in the instant case.

As there is no sufficient proof of actionable negligence on the part of respondent, none of the rulings complained of can have been prejudicial to appellant, and there is no reversible error shown by the record.

The judgment and order appealed from are affirmed.

CAMPBELL, J., concurs in the result.