RUSSELL MILLER MILLING COMPANY, Respondent, v. McLEAN, Appellant.

(203 N. W. 498.)

(File No. 5196. Opinion filed April 18, 1925.)

1. **Damages—Contracts—Sales—Provision in Sales Contract Held Penalty; Penalty Held Not to Affect Remainder of Contract.**

    Provision in contract for sale of flour that, if buyer failed to file shipping instructions with seller within a certain time, buyer should pay seller an entry charge of 25 cents per barrel, was penalty and void under Rev. Code 1919, Sec. 895; but as it was separable from rest of contract it did not render entire contract void.

2. **Sales—Rescission—Buyer's Refusal to File Shipping Instructions as Required Held a Breach of Contract Entitling Seller to Recovery; Seller Held Not Required to Attempt to Deliver.**

    Where contract for sale of flour provided that, if buyer failed to file shipping instructions with seller within 15 days prior to expiration of contract time of shipment, seller might cancel contract and recover market price difference between date of contract and date of cancellation, seller had right to cancel, either if buyer failed to file shipping instructions within required time or if buyer refused to accept any shipment; and where buyer never rescinded contract as provided in Rev. Code 1919, Sec. 906, but failed to give required shipping instructions, and informed seller that he could not handle flour, such failure was breach of contract entitling seller to recover damages, and seller was excused from useless act of attempting to deliver.

3. **Contracts—Rescission—Repudiation Before Time for Performance Relieves Other from Obligation to Offer to Perform.**

    Repudiation of contract before time for performance relieves other party from obligation to offer to perform.

    Dillon, J., dissenting.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH, Judge.

Action by the Russell Miller Milling Company against B. L. McLean, doing business under the name of the Mitchell Flour Company. From judgment for plaintiff notwithstanding verdict and from order denying new trial, defendant appeals. Judgment and order affirmed.

*Spangler & Wire,* of Mitchell, for Appellant.

*Miller & Mitchell,* of Mitchell, for Respondent.

(1) To point one of the opinion, Appellant cited: Rev. Code 1919, Sec. 895; Seim v. Krause, 13 S. D. 530; Utley v. Dunning, 38 S. D. 447.

SHERWOOD, J. This is an action brought on a contract for the sale of 400 barrels of flour. There was a verdict for plaintiff for $150, and later, on plaintiff's motion, judgment notwithstanding the verdict was entered for $280. From this judgment and from an order denying a new trial, defendant appeals.

On November 5, 1920, under this contract respondent sold appellant 400 barrels of flour at an agreed price of $11.36 per barrel, f. o. b. Minneapolis, to be delivered within 60 days from date of contract. By the terms of the contract it was agreed that if the buyer failed to file with the seller, within 15 days prior to the expiration of the contract time of shipment, shipping instructions permitting the seller to ship within the remaining contract time of shipment, then the seller might cancel this contract, and the buyer should pay the seller an entry charge of $.25 per barrel on flour plus or minus the market price difference between the date of contract and date of cancellation, in the commodities covered by the contract. The time in which the flour was to be shipped expired January 4, 1921.

On December 17, 1920, defendant notified plaintiff he would give no shipping instructions because he did not think he could accept the flour. On December 20th plaintiff notified defendant if they did not receive the shipping instructions they would cancel the order January 4th, and would charge the defendant the difference in the market price between the flour as agreed in the contract and the price on the 4th of January, plus 25 cents per package. No answer being received to this, plaintiff canceled the contract and charged the defendant the difference in market price, which amounted to 70 cents a barrel, actual depreciation in the

market amounting to $280 and 25 cents a barrel, entry charge amounting to $100, or a total of $380.

[1]    There is no question but what the 25 cents a barrel was a penalty and void under section 895, R. C. 1919; but this penalty was separable from the rest of the contract, was not included in plaintiff's judgment of $280, and does not render the contract void.  Utley v. Dunning, 38 S. D. 447, 161 N. W. 813.  The 70 cents a barrel was the difference in the price of the flour f. o. b. Minneapolis on January 4th, when the flour was to be delivered, and the price agreed to be paid in the contract and amounted to $280.

The jury found a verdict of $150 for plaintiff under a direction of the court to find the difference in the market value of the flour in Minneapolis between the agreed price of $11.36 a barrel, made November 5th, and the market price per barrel on January 4th.  There was no contradiction in the evidence that the difference was 70 cents a barrel; therefore there was no basis for the jury's verdict of $150; they could have found no other sum than $280.  The court was clearly right in granting the judgment for $280, notwithstanding the verdict.  In fact, on the evidence, it should have directed a verdict on plaintiff's motion.

[2]    As we view this matter, there were two provisions of the contract under either of which the plaintiff might declare it canceled and recover damages:  First.  If the buyer shall fail to file with the seller, 15 days before the expiration of the contract time for shipment, shipping instructions, then the seller may cancel the contract and recover the difference in the market price of flour at time of cancellation and the amount agreed to be paid in the contract.  Second.  If the buyer refuses to accept any shipment that is made, then the seller may cancel the contract and recover such damages.

It seems clear to us that one of these options or rights to cancel the contract is as binding as the other.  It is true that one of the defenses was that the territory of the buyer in which he might sell his flour had been restricted and he had written a letter saying he could not handle the flour if his territory was to be restricted by the buyer; nevertheless the buyer never rescinded the contract as provided by section 906, R. C. 1919, and this seems

to be conceded by appellant's counsel in his statement on page 73, Abstract, in which he says:

"The defendant, for some time prior to said contract, had been handling the plaintiff's flour and had established a trade in several counties adjacent to Mitchell, aforesaid.  After making said contract of purchase and prior to the time of delivery, the plaintiff informed the defendant that he would not be permitted to sell said flour in several of said counties in competition with other dealers, whereupon defendant informed the plaintiff that if his territory was so restricted he did not believe he could handle the flour purchased under said contract, Exhibit A.

"However, the defendant never refused to accept said flour, and under said contract the plaintiff was authorized to ship said flour to Mitchell and draw on the First National Bank of Mitchell, S. D., for the price; but the plaintiff never shipped said flour to Mitchell and never delivered the same to defendant and the defendant has never received any part of said flour.

"Instead of shipping said flour as it agreed to do, the plaintiff elected to declare said contract canceled under a fine print clause contained on the back thereof and brings this action to collect the penalties therein provided for."

It will be observed that defendant does not claim a rescission of the contract was ever made because plaintiff restricted his territory.  He claims he wrote a letter about it, and then he seems to have abandoned any further effort to rescind.

What he does claim is that the flour was never shipped to Mitchell.  The trouble with this contention is that the right to cancel the contract for failure to give the shipping directions is given in the same paragraph of the contract that the right to cancel it for failure to accept is given.  They both have equal authority and by the printed abstract appear to have been printed in the same kind of type.  And it is provided in the contract that the commodities or goods are sold "on the terms and conditions stated herein and printed on the back hereof, which terms and conditions are binding on both parties to the contract and cannot be modified except by written consent of both parties."

But all doubt on the question of defendant's rescission of the contract, or even attempted rescission, because of restricted terri-

tory, is set at rest by the defendant's specification of error 32, p. 96, in which defendant says:

"The defendant says there is further error upon the face of the record in that the evidence is insufficient to sustain the verdict in this, to wit:

"A.  There is no sufficient or competent evidence that the defendant ever, in any manner, rescinded the contract in suit or refused to accept the flour or to carry out said contract on his part."

And in the argument on this specification of error the defendan says:

"Under assignment 32 we call the attention of the court to the fact that there is no proof that defendant ever rescinded or refused to perform the contract in suit.  The undisputed evidence shows that the plaintiff never performed said contract or offered to perform it, but, on the contrary, canceled the same and seeks to recover a penalty—fixed damages—for the failure of the defendant to furnish shipping instructions which he was not bound to furnish and which the plaintiff had waived within the shipping period."

It will be observed that the defendant himself clearly says that he never rescinded the contract on account of restriction of territory or otherwise; that defendant bases his whole defense on the fact that the plaintiff did not deliver the flour, and simply says that the part of the contract by which he was bound to give shipping instructions was void.

As before remarked, the part of the contract which required the defendant to give shipping instructions is part of the same paragraph on the back of the contract with the part that authorized the plaintiff to collect damages if defendant failed to receive the goods; and one is as binding as the other.  Much stress is laid on the fact that the seller did not deliver or offer the goods. It will be observed that a delivery by the seller to the carrier at initial point is shipment.  It is true that if the plaintiff had delivered the goods to the depot at Minneapolis for the seller, that would have been a delivery of the goods.  But why require this useless act when the buyer had notified the seller that he would not receive the goods.

It still remains clear that the seller had the right to rely on that provision in the contract which said that he might cancel the

contract and collect the difference in the market value of the flour if the buyer failed to furnish the shipping instructions.

It will be observed in this case that the seller called the buyer's attention to this part of the contract in his letter of December 20th, and notified them that unless instructions were furnished the contract would be canceled, and on January 4th telegraphed them notice of the cancellation, and on January 5th wrote them a notice of the cancellation. No reply appears to have been made by defendant to any of these letters or telegrams.

It is clear under defendant's letter of December 17th, notifying plaintiff that they believed they would not be able to handle the flour, which was the last communication sent by defendant, that plaintiff was excused from the useless act of attempting to deliver, and it is clear from his contract that he had the right to cancel the contract when defendant failed to give the shipping instruction, and such failure was a breach of contract on defendant's part.

The point that plaintiff had not filed its charter and amendments with the secretary of state of South Dakota, and appointed an agent on whom service of process could be made within the state, is fully answered by Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 S. Ct. 57, 59 L. ed. 193, reversing same title in 28 S. D. 397, 133 N. W. 683.

[3] The repudiation of a contract before the time for performance relieves the other party from the obligation to offer to perform. Stanford v. McGill, 6 N. D. 536, 72 N. W. 938, 38 L. R. A. 760. We have carefully considered all the other numerous assignments of error and find them without merit.

The judgment and order appealed from are affirmed.

McNENNY, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified, concurring specially.

CAMPBELL, J., not sitting.

DILLON, J., dissenting.

McNENNY, Circuit Judge. I concur in the conclusion of Judge SHERWOOD that the judgment and order should be affirmed.

Two propositions were especially relied upon by the defendant as constituting a defense to the action: First, that the provision

in the contract with reference to shipping instructions and providing for damages was a penalty and unenforceable under the statute. (It seems to have been conceded by all parties that the 25 cents a barrel charge contained in the said damage clause was a penalty and void.) Second, that the plaintiff had never complied with its part of the contract, and had never delivered the flour or tendered delivery. Before the defendant would be entitled to a verdict, he must establish both of these elements of defense. Without considering whether or not the so-called damage clause in the contract was void, I believe the evidence conclusively establishes the right of the plaintiff to recover as against the second element of the defense contended for by defendant. Two letters written by the defendant, one about November 9th and the other December 17th, amounted to a notice that the defendant would not accept the flour, these notices were never retracted by the defendant, and the legal effect of these notices was to relieve the plaintiff of the useless task of delivering or tendering the property on the cars at Minneapolis, the place of delivery fixed by the contract. Stanford v. McGill, 6 N. D. 536, 72 N. W. 938, 38 L. R. A. 760; Bunge v. Koop, 48 N. Y. 225, 8 Am. Rep. 546; Gray v. Green, 9 Hun (N. Y.) 334; Crist v. Armour, 34 Barb. (N. Y.) 378.

The amount of the judgment given by the court is shown by all the evidence to represent the difference between the contract price and the market value of the commodity at the time and place of delivery, and this is the measure of damages as fixed by our statute. It seems to me therefore, unnecessary to consider the legal effect of the so-called damage clause in the contract.

DILLON, J. (dissenting). I think the complaint does not state facts sufficient to constitute a cause of action. There should be an allegation that plaintiff shipped or offered to ship the flour, or that the defendant repudiated his contract. Under the contract, it was the plaintiff's duty to ship by the best route and deliver the flour at Mitchell, which he failed to do. When the plaintiff elected to cancel the contract, his right of recovery ended, and the cancellation disposed of the whole order and left no basis for the recovery of any sum whatever. The defendant testified, positively, that he never refused to accept the flour or to perform his part of the contract. This disputed fact should have carried the case to

the jury.  The court erred in directing a verdict in the first instance, and again erred in granting plaintiff's motion for judgment of $280, notwithstanding the verdict.  This record fails to show that the plaintiff had any flour specified in the contract at Mitchell or elsewhere.  There was a complete failure on the part of the plaintiff to establish performance or attempted performance on its part.  Bonewell v. Jacobson, 130 Iowa 170, 106 N. W. 614, 5 L. R. A. (N. S.) 1436.

The contract provided that "delivery by seller to the carrier at initial point is shipment."  This constituted a part of the contract which was wholly ignored.  It appears that plaintiff informed the defendant that he would not be permitted to sell the flour in some of the counties adjacent to Mitchell in competition with other dealers.  The defendant then informed the plaintiff that if his territory was to be restricted, he did not believe that he could handle the flour so ordered.  The failure of the plaintiff to deliver the flour ordered forms no justification for the cancellation of the order.

The plaintiff seeks to recover damages for a breach of contract on the sale of personal property where the damages are easily ascertainable.  The contract provided for a penalty which is void under section 895, C. L.; Seim v. Krause, 13 S. D. 530, 83 N. W. 583; Utley v. Dunning, 38 S. D. 447, 161 N. W. 813.

Note.—Reported in 203 N. W. 498.  See, Headnote (1), American Key-Numbered Digest, Damages, Key-No. 78(4), 85, 17 C. J. Secs. 239, 261; (2) Sales, Key-Nos. 174, 177, 35 Cyc. 171, 250; (3) Contracts, Key-No. 313(1), 13 C. J. Sec. 725.