DENNIS, Respondent, v. GREAT NORTHERN CONSTRUC-
TION COMPANY et al, Appellants.

(222 N. W. 269.)

(File No. 6680.   Opinion filed December 4, 1928.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls,
for Appellants.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

BROWN, J.   Defendant executed a contract bond, conditioned
that contractors on a federal aid highway project in this state

would faithfully perform and carry out the terms of the contract. The contract and contract bond were in language similar to those involved in Anderson Lumber Co. v. National Surety Co., 49 S. D. 235, 207 N. W. 52, except that in the instant case the terms of the bond were somewhat broader than in the Anderson Lumber Company Case. In that case the bond covered all claims for labor employed and for material furnished, while in the instant case it covers all claims for labor employed and all claims incurred for materials, supplies, tools, and appliances in carrying out the provisions of said contract.

Plaintiff supplied to a subcontractor doing the work the following items:

| | |
|---|---|
| Sept. 24, 1925, 2 fresnos at $25.50 | $ 51.00 |
| Sept. 25, 1925, 1 No. 6553 Timken bearing (for tractor) | 20.31 |
| Sept. 25, 1925, 2 No. 2560 Timken bearings at $15.28 (for tractor) | 30.56 |
| Sept. 25, 1925, 1 No. 6554 Timken bearing (for tractor) | 20.31 |
| March 18, 1926, 1 light globe | 1.25 |
| May 8, 1926, 39½′ of 40″ grader belt (for elevator) | 148.25 |
| May 27, 1926, 1 cat-hole cleaner for 40″ machine (for elevator) | 24.00 |
| | $295.68 |

—on which only $100 was paid, and for the balance of $195.68 plaintiff brings this action against the surety company.

The ninth finding of fact made by the court was to the effect that the supplies were furnished by plaintiff to the subcontractor and were used in the construction of the work embraced in the contract, and that "the said appliances were used and practically worn out in carrying out the provisions of the contract; that the claim of the plaintiff for said appliances is a just claim which was incurred in the carrying out of the provisions of the contract." None of the evidence is brought before this court, and we must therefore assume that the evidence was sufficient to justify this finding.

From a judgment in favor of plaintiff, the original contractor and the surety company appeal.

Appellants contend that the surety bond was a mere offer of guaranty, and, no acceptance of such offer having been found

by the court, the same never became binding upon the original contractor or the surety company, and therefore the court's findings are insufficient to support its judgment. The assumption that the surety bond was a mere offer of guaranty is apparently confidently made, and numerous authorities are cited to show that, in the absence of an acceptance of such an offer, the offer is not binding, but neither argument nor authority is vouchsafed in support of the assumption that a surety bond is a mere offer of guaranty, and we would probably be equally warranted in assuming that it is not and giving the contention no further consideration. Without going deeper into the subject, it may be remarked that the difference between suretyship and guaranty is recognized by our Code, a guaranty being defined as "a promise to answer for the debt, default or miscarriage of another person" (Rev. Code § 1474), while a surety "is one who, at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor" (Rev. Code § 1498). The surety enters into his contract for the purpose of securing to his principal a benefit, and that is sufficient consideration for his contract, which becomes effective as soon as the benefit is procured by the principal. The benefit to the principal here was the procuring of the contract for the construction of the work, and the court finds that the principal did secure such contract. The surety's contract was therefore complete and binding without any notice of acceptance, either by the original contractor or persons furnishing material, supplies, tools, or appliances.

■ It is next contended that the items making up the plaintiff's claim were not incurred "in carrying out the provisions of the contract." It is said that they were not materials such as would be consumed in carrying out this contract, but that they were lasting materials that would be used "in carrying out this contract *and other contracts.*" This argument asks us to assume that finding No. 9, to the effect that the appliances were used and practically worn out in carrying out the provisions of the contract, is not supported by the evidence, and we certainly cannot do this, where appellant has brought none of the evidence whatever into the record. If the finding that they were "practically worn out" may be said to imply that they were not completely worn out, appellant,

"upon making payment for the same, will, of course, be entitled upon principles of subrogation to the residual value thereof, if any." Anderson Lumber Co. v. National Surety Co., supra.

The judgment appealed from is affirmed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur. CAMPBELL, J., absent and not sitting.