UNIVERSAL FINANCE CORPORATION, Appellant, v. HAMNER, Respondent.

(250 N. W. 33.)

(File No. 7586.   Opinion filed September 19, 1933.)

*H. A. Robinson,* of Yankton, for Appellant.
*E. A. Crockett,* of Yankton, for Respondent.

RUDOLPH, P. J. ▮ It is agreed that the only issue in the case is whether a certain instrument, marked and identified as Exhibit A, is in fact a chattel mortgage or a conditional sales contract. The trial court held the instrument to be a conditional sales contract, and entered judgment against the plaintiff. The plaintiff has appealed. Exhibit A is as follows:

"Chattel Mortgage.

"Know all men by these presents, That R. L. Williams, hereinafter referred to as Purchaser, of the City of Mapleton, County of Monona, State of Iowa, in consideration of and to secure the payment of Four hundred fifty-six & 12-100 Dollars ($456.12) being the balance due to George Colwell (Dealer), Mortgagee or assigns, hereinafter designated as Mortgagee for the purchase of the property hereinafter described, do hereby bargain, sell, transfer and convey to said Mortgagee the following described motor vehicle to-wit:

"One Hupmobile, year 1931, Body Style Sedan, Motor No. 34234, Serial No. 34355, Cylinders 6, Model S, together with extra bodies, equipment, attachments and betterments now on the vehicle or hereafter added, no matter by whom, during the life of this contract.

"To have and to hold the same forever, and Purchaser warrants that he is lawfully possessed of the said motor vehicle, within said County, and that the same is free and clear of all encumbrances; upon condition that the Purchaser shall perform the agreements herein and pay to Mortgagee all the installments due on his promissory note of even date herewith, as follows:

"Twelve payments of $38.01 each, payable on the 16th day of every month, after date hereof, until the above principal sum is paid, all of which installments bear interest at the highest legal

rate after maturity, according to the tenor thereof, then these presents to be void; otherwise to remain in full force and effect.

"Purchaser hereby agrees and consents that:

"(1) He will pay all taxes and assessments levied against said vehicle.

"(2) It will not be used for hire.

"(3) No mechanic or repairman shall place improvements upon or do any repair work on, or any garage man store, the above described motor vehicle, nor do any act to establish a lien thereon, without the written consent of the Mortgagee; these presents to be and constitute notice to such mechanic, repairman or garage man of lack of authority in Purchaser and absence of consent of Mortgagee.

"(4) In the event of the non-performance of any of the above agreements, or

"(a) If any installment of said note is not paid at the time or place specified therein, or

"(b) If Purchaser abandons the said property, or

"(c) In case Purchaser shall attempt or permit an attempt to injure or dispose of or remove from the County aforesaid the above described motor vehicle or any part thereof, or

"(d) If Purchaser shall use or permit to be used said vehicle for the unlawful transportation of liquor, or in the commission of any other crime;

"(e) If the mortgagee, or assigns, with or without apparent cause, feels unsafe or insecure; then, in any such case, Mortgagee may declare the entire balance due and payable forthwith, and it shall be lawful for Mortgagee in person or by agent to take immediate possession of said motor vehicle, wherever found, the possession of these presents or a true copy thereof being authority therefor; the vehicle may be removed to and sold either wherever this mortgage was executed, where vehicle is found or any other place Mortgagee may designate at the option of Mortgagee for such sale, unless inconsistent with the Statutes, and Mortgagee may sell the same as provided by the Statutes wherein Purchaser represents that he resides, or at public or private sale, without notice or with such notice as Mortgagee may deem proper, Purchaser hereby waiving compliance with the provisions of said statute in regard to notice, time, postponements, place and manner of

sale; Mortgagee may purchase any of the mortgaged property offered, whether at public or private sale, and on such sale all right of equity of redemption of Purchaser shall be and become extinguished; Purchaser hereby authorizes the person conducting the sale to adjourn or postpone the same, without notice of postponement, from time to time until said property is sold, and to give a bill of sale to the Purchaser thereat, which shall be conclusive as to the regularity of all proceedings connected therewith, and shall convey absolutely, all right and title of the parties to this mortgage, except, and in addition,

"If purchaser resides in

"(a)    South Dakota, other than the statutory place, the Purchaser hereby designates the place where this mortgage is executed, to-wit: ———, South Dakota, as the place of sale on foreclosure of this mortgage;

"(b)    Nebraska, vehicle may be sold at Omaha, Douglas County, Nebraska;

"(c)    Iowa, vehicle may be sold at any one of the following cities in Iowa which is closest to Purchaser's residence; Sioux City, Council Bluffs, Mason City, Des Moines, Waterloo or Clinton, upon a ten day posted notice in three public places in any of the above mentioned places of sale as Mortgagee may deem proper;

"(d)    Kansas, Missouri, or Colorado, vehicle may be sold where it is found or where purchaser resides, upon a ten day notice posted in four public places in such township or city;

"Upon such sale the proceeds shall be applied to the payment of the principal and interest due or to become due on said note and all reasonable costs pertaining to the taking, keeping, advertising and selling of said property, together with reasonable attorney's fees.

"Purchaser further agrees that:

"He will pay any deficiency existing from any cause after application of proceeds to above; the proceeds of any insurance carried on above vehicle, or for the payments thereon shall be first applied to any indebtedness hereon; Mortgagee shall be subrogated to the extent of his or its interest, as to any recovery by settlement or otherwise, against any third party causing damage to said motor vehicle.    Purchaser agrees and represents that he has inspected

and accepted said vehicle and that no warranties regarding same have been made unless endorsed hereon.

"The purchaser (if a resident of South Dakota or Minnesota) hereby acknowledges delivery of and receipt of a full, true and complete copy of within mortgage on date hereof.

"Executed this 14th day of November, 1931.

"R. L. Williams, (Purchaser)."

We are of the opinion that the trial court erred in determining that Exhibit A was in fact a conditional sales contract and not a chattel mortgage.

Section 1, Uniform Conditional Sales Act, chapter 137 Laws of 1919, so far as material to this case, defines a condititonal sale as "any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any other condition or the happening of any contingency." The characteristic feature of the conditional sale is the retention of the title by the seller, notwithstanding possession, use, and appearance of ownership by the buyer. In the conditional sale, title does not pass from the seller, but is held back as security to compel payment or the performance of some other act.

From the facts disclosed in this case, it appears that the property described in Exhibit A was purchased at the time Exhibit A was executed. Exhibit A was executed to secure this purchase price. Our inquiry is whether, under the terms of Exhibit A, title was reserved in the seller to be held as security for the purchase price, or whether title to the goods had in fact passed to the purchaser, and the seller took back a chattel mortgage upon the goods as security. In this case this inquiry must be determined from the instrument itself. Whether other evidence would be competent in determining this inquiry is not here presented, for the reason that there was no evidence other than Exhibit A sought to be introduced. From a reading of Exhibit A it will be found that nowhere in the said instrument is there any express reservation of title in the seller. Therefore the only theory upon which Exhibit A can be held as a conditional sales contract, as distinguished from a mortgage, would be that the reservation of title in the seller should be implied from the instrument when considered as a whole. We

believe that such implication in this case would be unjustified. In the first place, the purchaser by the instrument sells and transfers the goods to the seller thereof, who is described as mortgagee. Had the seller retained title in himself, it is, of course, apparent that he could not accept a retransfer of the title to the goods as security for the purchase price, which he did under the terms of Exhibit A. Exhibit A further provides: "Upon condition that the Purchaser shall perform the agreements herein and pay to Mortgagee all the installments due * * * then these presents to be void; otherwise to remain in full force and effect." From this provision of the contract it appears that title had vested in the purchaser, and, should he make the payments provided for, Exhibit A was then to become void, and the purchaser would be the owner of the property free and clear of all the provisions of said Exhibit A.

■ Whether or not a contract is one of conditional sale, or a contract of a different character, is a question of the intent of the parties as shown by the language of the whole contract. 55 C. J. 1197. It seems to us that the intent of the parties here is clear, and that this instrument was intended to be a chattel mortgage. Nowhere is there any express reservation of the title of the seller; on the other hand, as we pointed out in the preceding paragraph, it appears that it was the intent that title had vested in the pur-. chaser, and that the purchaser to secure the purchase price did "bargain, sell, transfer, and convey" the property to the seller. Other provisions in the contract could be pointed to as indicating an intention that Exhibit A is in fact a chattel mortgage, but, we believe, it is clear from different provisions of the contract already referred to that there was no reservation of title in the seller, that title had in fact passed to the purchaser, and Exhibit A was executed as a chattel mortgage to secure the purchase price of the goods.

The trial court having based its decision upon its conclusion that Exhibit A is in fact a conditional sales contract, and it being agreed by counsel that the only issue in the case is the character of Exhibit A, we do not by implication or otherwise decide any other issue which might be involved in the case.

The judgment and order appealed from are reversed.

All the Judges concur.