## MACK-INTERNATIONAL MOTOR TRUCK CORPORATION v. WESTERN SURETY COMPANY AND OTHERS.[1]

May 24, 1935.

No. 30,396.

See 191 Minn. 467, 254 N. W. 580.

*Oscar R. Knutson,* for appellants. S. J. Anderson and Western Surety Company.

*Lynn B. Carroll,* for appellant Central West Casualty Company.

*Jay W. Smith* and *T. M. Thomson,* for respondent.

[1]Reported in 260 N. W. 869.

HOLT, JUSTICE.

The appeal is from an order denying the answering defendants a new trial.

This action grows out of the same road work involved in General Motors Truck Co. v. Phillips, 191 Minn. 467, 254 N. W. 580. Plaintiff herein furnished defendant Phillips certain material and labor in repairing trucks owned and used by Phillips on a highway construction at Ogema, Minnesota. Defendant Anderson had the contract from the state highway department and sublet a part thereof to Phillips. The Western Surety Company is Anderson's surety, and the Central West Casualty Company is Phillips' surety. Phillips abandoned the contract in the latter part of November, 1932. He did not answer in this action. Except as to some small items, the trial court found that the labor and material furnished by plaintiff for Phillips went into the Ogema job and that plaintiff was entitled to judgment for the value thereof against Anderson and the surety companies.

The assignments of error are many. However, the correctness of the ruling denying defendants' motion to exclude two of the main items of plaintiff's claim presents the decisive question on this appeal. To what extent the bond of a contractor executed in conformity with 2 Mason Minn. St. 1927, § 9700, as amended by L. 1931, c. 229, secures those who furnish labor and material for the repair of machinery used in the performance of the contract has been considered in Miller v. American Bonding Co. 133 Minn. 336, 158 N. W. 432; Clifton v. Norden, 178 Minn. 288, 226 N. W. 940, 942, 67 A. L. R. 1227; General Motors Truck Co. v. Phillips, 191 Minn. 467, 254 N. W. 580, wherein other decisions of this court on the subject are referred to. Our construction of the statute is, in effect, that the bond does not cover a contractor's equipment, or replacement of parts thereof, unless it may be said that the equipment or replacement of parts are consumed in the performance of the contract for which the same were furnished; that it properly covers the repair and replacement of parts which are practically used up or consumed in the performance of the contract; that minor incidental repairs of a machine like a truck are covered, but not the

replacement of major parts designed to outlast the job in hand. Clifton v. Norden, 178 Minn. 288, 226 N. W. 940, 67 A. L. R. 1227, intended to state the rule to be applied where repairs are of the character involved in the case at bar. The language used is [178 Minn. 294]:

"In the absence of proof that they were at least substantially consumed on the Norden contract, there can be no recovery for such things as assemblies of cylinder blocks and pistons, new main bearings, drive shafts, universal joints, storage batteries or tires."

General Motors Truck Co. v. Phillips, 191 Minn. 467, 254 N. W. 580, applied that rule to the repairs there involved, the largest value of any part being $16.98 for axle shafts and it not appearing that any unit composed of many different parts was replaced. Here the replacement was of the entire machinery housed in the rear axle of one truck, the labor and parts being of the value of $453.39, after allowing $176 for the "banjo" or old housing; and the other item of $443.83 was replacing the differential and transmission parts in another truck. The two replacements were of one of the two main working units in each truck, each unit being composed of very many parts. There was no evidence that these replacements would be consumed in the performance of the contract, nor any evidence at all in respect to the part of the contract incompleted at the time the replacements were made. A $400 replacement of an essential operating unit of a truck on the eve of the completion of a contract ought not to be a charge against the bond where such replacement may outlast the use of the truck upon several other similar contracts. Some courts construe statutes like § 9700 of our code and bonds given thereunder to cover no repairs or replacement of the equipment. Others do not go to that length. A very exhaustive decision reviewing the opposing authorities is to be found in Franzen v. Southern Surety Co. 35 Wyo. 15, 246 P. 30, 46 A. L. R. 496. We place no importance on the fact that Phillips abandoned the contract a few days after the last large repair on the one truck. If the repair was of the nature when made that it could be said that the replaced part would likely be worn out or consumed on the contract if completed, there should be a recovery on the bond.

When the repair was made the one making it might have no knowledge of the intention of the contractor to abandon the contract. We appreciate that in some instances there may be as much labor required to replace a small and inexpensive but necessary part in the transmission or differential assembly of a truck as in the replacement of the entire assembly. If such a case is presented there should be a recovery for the labor plus the price of the small part replaced. There is no evidence bringing the labor here involved within such a principle.

Defendants contend that Dennis v. Enke, 55 S. D. 15, 224 N. W. 925, construes a bond given under a statute similar to ours not to cover new parts; but the facts in the case at bar resemble more those involved in Dennis v. Great Northern Constr. Co. 53 S. D. 646, 222 N. W. 269, and Western Material Co. v. Enke, 56 S. D. 302, 228 N. W. 385, 388. In the last cited case the court approves this rule, stated in American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 F. 717, 721: "Repairs of an incidental and comparatively inexpensive character, made on the plant during the progress of the work, representing only the ordinary wear and tear or the equivalent thereof," come within the bond. This accords with the rule in Clifton v. Norden, 178 Minn. 288, 226 N. W. 940, applied in General Motors Truck Co. v. Phillips, 191 Minn. 467, 254 N. W. 580.

In our opinion the two assemblies constituting the two items above referred to are not minor and inexpensive or incidental repairs, and the finding that those two items "were such [parts] as usually will ordinarily break or wear out on motor trucks during the course of road construction work and were not" major replacements is not sustained by the evidence. There must therefore be a new trial. We are not certain that all the parts charged in the two assemblies referred to went into them, so injustice might be done by directing the sums above mentioned to be eliminated. There are also some other items which were objected to because the evidence plaintiff promised to adduce to connect them with the job was not supplied. We therefore conclude there should be a new trial as to all the claims plaintiff may assert.

Order reversed.

JULIUS J. OLSON, JUSTICE, took no part.