WESTERN MATERIAL COMPANY, Respondent. v.
DELTENER, et al, Appellants.

(264 N. W. 207.)

(File No. 7826. Opinion filed December 21, 1935.)

*Tom Kirby* and *Blaine Simons,* both of Sioux Falls, and *E. W. Stephens,* of Pierre, for Appellants.

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Respondent.

ROBERTS, J.   This action was brought to recover an amount which is alleged to be the rental of a caterpillar tractor and a fresno. The trial of the action to the court resulted in findings and judgment in favor of the plaintiff.   Defendants Western Surety Company and the county of Hughes have appealed from such judgment and order overruling motion for new trial.

On July 7, 1932, defendant county entered into a contract with the state of South Dakota for gravel surfacing of a certain portion of the state trunk highway known as the Pierre-Ft. Thompson road.   The county subsequently entered into a contract with defendant A. C. Deltener whereby the work described in the contract with the state was sublet to Deltener.   The contractor agreed "to pay all just claims for materials, supplies, food, tools, appliances and labor and all other just claims incurred by him or any of his subcontractors in carrying out the provisions of this contract and * * * that the contract bond shall be held to cover all such claims."   The contractor gave a bond with the Western Surety Company as surety conditioned for the faithful performance of the contract.

Deltener and the Central Tractor & Equipment Company on August 13, 1932, entered into a written agreement by the terms of which the contractor agreed to pay the sum of $400 for the use of a caterpillar tractor and fresno from the date of the contract to the 12th day of September, 1932.   Deltener, the so-called lessee in this contract, was given the option to renew or extend the alleged lease at any time during the term thereof or within six days

thereafter upon the same terms and conditions. The agreement contained the further provision: "The lessor hereby gives the lessee the option to purchase said 'Caterpillar' Tractor and Atlas Fresno in its then condition, at any time during the term of this lease (or within any extension or renewal thereof) or within six days thereafter, for the purchase price of $1,500.00 plus interest at 8 per cent per annum from date hereof until said purchase price is paid, said purchase price to be payable in cash or legally issued warrants upon the exercise of the option. In the event that said option is exercised the purchase price shall be reduced by the amount of rentals theretofore paid, and interest shall be computed on the amount of the purchase price, less rentals theretofore paid."

On September 21, 1932, the work still being in progress, the parties entered into another written agreement by the terms of which the contractor agreed to pay the further sum of $200 for the use of the tractor from September 21 to October 7, 1932. The same option provision was included in this agreement to purchase the tractor for $1,250. When the second lease terminated, it was agreed that it be extended at an agreed rental of $400 a month for the tractor. A claim for rentals amounting to $1,200 was filed in the office of the county auditor of Hughes county for allowance and payment and the same was rejected by the board of county commissioners. Thereafter plaintiff, assignee of the Central Tractor & Equipment Company, commenced this action.

The trial court found that the agreement was a lease and not a conditional sale contract; that the tractor was reasonably necessary in the work performed; and that the reasonable value for the use of the tractor for 66 days was $528.

In Dennis v. Enke, 55 S. D. 15, 224 N. W. 925, it was held that a bond securing payment of all just claims for material, supplies, tools, appliances, and labor incurred in carrying out the provisions of a highway contract did not include within its purview the purchase price of substantial items chargeable to general plant and equipment of the contractor. Appellants contend that a contractor is presumed to own such equipment as would ordinarily be used in the performance of his contracts; a bond does not cover material which is a part of the permanent equipment; and in the ultimate analysis there is no difference between the right of a

person who leases equipment to a contractor to facilitate the performance of his contract to recover upon a bond and a person who sells equipment for the same purpose. This question is the subject of an annotation in 44 A. L. R. 381, and the cases cited reveal a conflict in the decisions. In many of the cases tending to support the contention of counsel such words as "materials furnished" appearing in statutes and bond provisions are construed not to embrace equipment. In J. F. Anderson Lumber Company v. National Surety Company, 49 S. D. 235, 207 N. W. 53, 57, emphasis is placed upon the fact that the obligation of the surety by the terms of the bond was broader than those construed in other cases; it contained not only the terms "labor" and "material," but "supplies, tools, appliances, * * * and all other just claims incurred by him or any of his subcontractors in carrying out the provisions of the contract." This court held in that case that the bond was sufficiently broad to include materials for construction of temparary buildings at bridge site, fuel and oil, and minor items of tools and appliances. Likewise, in Dennis v. Great Northern Construction Co., 53 S. D. 646, 222 N. W. 269, and Western Material Co. v. Enke, 56 S. D. 302, 228 N. W. 385, it was held that claims for repair parts which were of an incidental and inexpensive character were within the protection of a state contractor's bond similar in terms to the one construed in the Anderson case; that the bonds contemplated liability for such repairs necessitated by ordinary wear and tear as were reasonably necessary to keep the equipment of the contractor in operating condition for the performance of the work. The conclusion in the Enke Case is predicated upon the view that rentals were within the coverage of the contractor's bond and the case of Miller v. Am. Bonding Co., 133 Minn. 336, 158 N. W. 432, holding that the value of the use of tools or machines rented by a contractor was within his bond is quoted with approval. A distinction is observed between items going into the work or contributing to its execution and those chargeable to general plant and equipment. There is no substantial difference in the intent and purpose of the bond in the instant case and the cases considered, and being unwilling to disturb the effect of previous decisions, we hold that rentals of equipment are within the coverage of the bond.

It is urged, however, that the agreement between the contractor and the Central Tractor & Equipment Company was a conditional sale contract and not a lease, and that the tractor and fresno became a part of the general plant and equipment of the contractor.

In determining whether a contract is one of conditional sale or a lease, we are not bound by the mere form or the name which the parties may have given it, but its legal aspect is dependent upon the intent of the parties as evidenced by the entire contract. Pringle v. Canfield, 19 S. D. 506, 104 N. W. 223; Universal Finance Corp v. Hamner, 61 S. D. 540, 250 N. W. 33. A conditional sale includes "any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or have the option of becoming the owner of such goods upon full compliance with the terms of the contract." Section 1, c. 137, Laws 1919. A conditional sale contemplates the relation of seller and buyer, with retention of title by the seller, notwithstanding possession and appearance of ownership by the buyer. Universal Finance Corp. v. Hamner, supra. With the exception of the paragraph which we have quoted granting to the contractor the option to purchase, the original agreement, and likewise the renewal, contains no other reference to an intention to convey title. It is clear that the agreement was not a conditional sale. The contractor was not obligated to pay rent substantially equal to the value of the equipment. When the contractor defaulted in payment of the rental for the first month, it is apparent that the lessor named in the contract could not have waived its right to retake the property, and brought action for the purchase price. Under the conditional sale act, the seller has this remedy. Section 24, c 137, Laws 1919. The installments of rent under renewals of the contract amount substantially to the price of the tractor, but the renewals had no such legal effect as to change the character of the contract between the parties.

It is also urged that plaintiff's exclusive remedy was an appeal from the order of the board of county commissioners rejecting its claim for rentals. This action was brought upon the

theory that appellants were liable for a definitely stipulated amount for rental. But the trial court was of the view that as to the appellants the right of recovery was measured by a different rule; that they were obligated to pay the reasonable rental value. In the case of Roberts v. Lawrence County, 49 S. D. 284, 207 N. W. 104, this court held that where liability exists by contract or otherwise, without any other action of the board, suit may be brought directly in court, subject only to the requirement of section 5898, Rev. Code 1919, that before an action is brought claim shall have been presented to the county board and an opportunity given to pay without suit. Plaintiff has complied with this requirement. The measure of recovery would not change the procedure from an original action in the circuit court to an appeal from the board of county commissioners. This court, in Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471, 475, cited by appellants, said: "If the statute had provided that the respondent should receive a reasonable compensation, with no provision that the same should be fixed by the board of county commissioners, he clearly would have had the right to present his claim to such board, and, if they had rejected the same, to either have appealed therefrom or to have brought an original action in the circuit court; but the statute provides that this compensation shall be fixed by such board." If the reasonable and not the stipulated rental value was the proper measure of recovery, the board was not required to fix the amount.

The judgment and order appealed from are affirmed.

All the Judges concur.