NORTHWEST REALTY COMPANY, Appellant v. PEREZ,

Respondent

PEREZ et al., Respondents v. NORTHWEST REALTY COMPANY

et al., Appellants

(137 N.W.2d 345)

(File Nos. 10108, 10109.  Opinion filed October 12, 1965)

Rehearing denied March 11, 1966

**Morrill & Morrill,** Sturgis, for appellants.

**Sieler & Brady,** Rapid City, for respondents.

ROBERTS, P. J.   This is a consolidated appeal from judgments in separate actions.

On January 12, 1961, Signal Heights Inc. sold household furniture and appliances to Leonard J. Perez upon terms and conditions set forth in a conditional sale contract.  The contract was assigned to Northwest Realty Company.  On April 27, 1961, the assignee commenced an action in replevin to recover possession of the furniture and appliances described in the contract, for foreclosure and a deficiency judgment.  Plaintiff also caused garnishee affidavit and summons to be served on defendant Perez and Vanderhule Transfer & Storage, Inc.  Plaintiff alleged upon information and belief that the defendant intended to remove the personal property described in the contract from the

State of South Dakota without permission of the seller in violation of the terms and conditions of the contract. Defendant by answer denied that there was a breach of the contract and demanded return of the property.

On May 9, 1961, Leonard J. Perez and his wife Virginia commenced an action against Northwest Realty Company and its President, Sheldon F. Reese, for damages for unlawful conversion of personal property. Plaintiffs allege that the actions of defendants were willful, wanton and malicious. They demanded exemplary in addition to compensatory damages. Defendants in their answer deny each and every allegation not specifically admitted and allege that another action was pending which involved the same transaction and that the facts justified the taking of possession of the property.

It was moved that the actions be consolidated for purpose of trial to a jury. It was stipulated that evidence be submitted in support of the actions in the order of their commencement. After plaintiff in the first action had rested, the court granted motion of defendant for a directed verdict and permitted the trial to proceed in the action for unlawful conversion. The court instructed the jury that the acts of Northwest Realty Company and Reese constituted unlawful conversion as a matter of law and left to the jury only the issues of damages. The jury returned verdicts in the amounts of $368.82 actual and $1,000 exemplary damages on the cause of action involving the replevin of the property and in the amounts of $1,850 actual and $2,588 exemplary damages on the cause of action involving the garnishment levy. After denial of motions for new trial, Northwest Realty Company and Reese appealed. It is the contention of appellants that the evidence established the elements of their claim and entitled them to have the jury decide the fact questions and render verdicts accordingly.

The agreement is captioned "Conditional Sale Contract". After recital of the seller and buyer, description of the property sold and purchase price, the contract includes these provisions:

"1. Title to said property shall not pass to purchaser until said amount is fully paid in cash. * * *

"3. In the event purchaser defaults on any payment due on this contract or fails to comply with any condition of this contract  *  *  *  the full amount shall be immediately due and payable;  *  *  *

"5. Purchaser  *  *  *  shall not remove same from the state without permission of seller; shall not transfer any interest in this contract or said property.  *  *  *

"6. Time is of the essence of this contract, and if purchaser default in complying with the terms hereof, or seller deems the property in danger of misuse or confiscation, seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose seller may enter upon the premises where said property may be and remove same.  *  *  *"

■ ■ A conditional sale contract is a contract for the sale of personal property under which possession is delivered to the buyer, but title is retained in the seller, notwithstanding possession and appearance of ownership in the buyer, until the performance of some condition, usually the payment of the purchase price, when title passes to the buyer. SDC 54.0201; Universal Finance Corporation v. Hamner, 61 S.D. 540, 250 N.W. 33; Western Material Co. v. Deltener, 64 S.D. 62, 264 N.W. 207. The conditional sales law, SDC 54.0214, clearly contemplates that until the buyer defaults in payment, or in the performance of any other condition or promise, the breach of which authorizes the conditional seller to take possession, the buyer's possession cannot be lawfully disturbed by the conditional seller.

■ The trial court granted motion for directed verdict for the reason that in his opinion plaintiff had not established a prima facie case; that is to say, the evidence did not affirmatively show that defendant Perez had defaulted by removing the property without the state or defaulted in payments due under the contract and therefore the retaking constituted a con-

version of the property. Such motion necessarily admits the truth of plaintiff's evidence and every inference of fact that may be legitimately drawn therefrom.

■ We then consider the question whether the evidence viewed in the light most favorable to plaintiff established a prima facie case. Whether or not plaintiff had a cause of action would depend upon facts as they existed at the time action was commenced. On April 25, 1961, Perez gave notice to his lessor, Northwest Realty Company, that intending to move to Idaho he would vacate on the 28th of that month the apartment which he was then occupying. With reference to a conversation with Perez the following afternoon Reese testified among other things: "He said that didn't make any difference, that he had lived up to his contract, and that he was entitled to leave and take his furniture with him, and that he would make payments very promptly where he went. * * * He kept saying that he would—had a right to, and he was going to proceed to take the furniture. Q. You said he said he was going to take the furniture? A. Yes. Q. Did you reply anything to him when he made that statement? A. I told him under his contract he was not permitted to take it out."

Ivan Cornella, an employee of Northwest Realty Company, testified that the morning of April 27, prior to commencement of the replevin action, he saw a moving van in the driveway in front of the apartment occupied by Perez and could see that they were loading the contents of the apartment. He testified that he was familiar with the furniture described in the conditional sale contract and that some of this furniture was in the yard and in the driveway during the time that the van was being loaded. He communicated this information to Reese.

A clause in the conditional sale contract authorizes the seller to repossess when he "deems the property in danger of misuse or confiscation." In the early case of Humpfner v. D. M. Osborne & Co., 2 S.D. 310, 50 N.W. 88, this court held that an insecurity clause in a chattel mortgage did not confer upon the mortgagee the absolute and arbitrary power to declare himself insecure without proper cause. In so holding, this court

observed: "To hold that the right to take possession and sell before the debt becomes due depends upon the mortgagee's election and pleasure, and not upon the facts as they actually exist, would be clearly in conflict with other express and implied contracts contained in the note and mortgage, which are to be construed together. These clearly contemplate time for payment as specified in the note or mortgage, and possession by the mortgagor until the maturity of the debt, unless he does or is about to do some act detrimental to or which will impair the security. Therefore, until the debt matures, or some act is done or threatened, specified in the mortgage, which authorizes the mortgagee to take possession and sell, the mortgagor's possession cannot be legally disturbed by the mortgagee."

The necessary effect of removal of property beyond the limits of the state, said the court in Hill v. Winnsboro Granite Corporation, 112 S.C. 243, 99 S.E. 836, "is to increase the opportunities of the mortgagor to defeat the lien. Furthermore, if it should become necessary for the mortgagee to resort to the remedies provided by law for the enforcement of his rights, they would be impaired by reason of the necessity of resorting to another jurisdiction." It cannot be said as a matter of law that removal of the property into another state would have been immaterial and not detrimental to the conditional seller.

"A failure, without justification, to perform all or any part of what is promised in a contract, is a breach thereof." Restatement, Contracts, § 314. When a promisor makes, without justification, a positive statement to the promisee or other person having a right under the contract that he will not render a promised performance the promisee may elect to accept the repudiation as a present and immediate breach. Russell Miller Milling Co. v. McLean, 48 S.D. 198, 203 N.W. 498; Hart-Parr Co. v. Finley, 31 N.D. 130, 153 N.W. 137, L.R.A.1915E, 851; 5 Williston on Contracts § 1324 (Rev.Ed.1937); Restatement, Contracts, § 318.

A recognized test of a prima facie case is this: "Are there facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?" 9 Wigmore, Evidence, (3rd

Ed.) § 2494; see Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7. The testimony in behalf of the plaintiff was not extraordinary or incredible. Plaintiff produced evidence sufficient to support a finding of default entitling it to retake or recover possession of the property conditionally sold and only the jury had the right to decide to the contrary. We are accordingly of the opinion that as the record stood the court erred in directing the verdict.

The judgments appealed from are reversed.

All the Judges concur.