Deanna **BUDAHL** and Loren Budahl, Plaintiffs and Appellants,

v.

**GORDON AND DAVID ASSOCIATES, A** South Dakota Corporation, Defendant and Appellee.

No. 13541.

Supreme Court of South Dakota.

Argued March 23, 1982.

Decided Aug. 25, 1982.

Richard J. Helsper of McCann, Martin & Mickelson, P. C., Brookings, for plaintiffs and appellants; George S. Mickelson of McCann, Martin & Mickelson, P. C., Brookings, on brief.

Francis M. Smith of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

WOLLMAN, Chief Justice.

Appellant Deanna Budahl commenced an action to recover damages for personal injuries allegedly suffered after falling on ice on the sidewalk in front of a place of business owned by appellee in the city of Brook-

ings.[1]  Appellant Loren Budahl, Deanna's husband, brought an action for loss of consortium in connection with his wife's personal injury action.  Appellants appeal from the judgment dismissing the action on appellee's motion for a directed verdict. We affirm in part, reverse in part and remand.

The first issue is whether the local ordinance that imposes a duty on the owner or occupant of property to keep abutting sidewalks free of ice and snow gives rise to a cause of action on the part of a pedestrian who is injured as a result of the failure of the owner or occupant to comply with the ordinance.

Brookings City Ordinance § 33–72 requires abutting property owners and occupants to remove snow and ice from adjacent sidewalks.[2]  The penalty for failure to comply with this ordinance is stated in § 33–73, which allows the city to remove the snow or ice "and assess the cost thereof against the fronting or abutting property."

The common law rule is that when the presence of ice and snow on a sidewalk abutting a structure is a result of natural accumulation, the responsibility to remove such accumulation falls on the municipality. This is so even when an ordinance requires abutting occupants to clear their sidewalks within a certain time after precipitation falls on the walk.  Generally, such an ordinance is adopted as a method to compel the occupant of property abutting on a sidewalk to assist the governing body in performing its municipal duty.  These general common law principles were summarized by the Supreme Court of North Dakota in *Clark v. Stoudt*, 73 N.D. 165, 12 N.W.2d 708, 710 (1944):

To assist the city in performing its duty with reference to control over the sidewalks, it has been common practice, sustained by legislative authority, to require the owner or occupants of the adjacent lots to keep the sidewalks clear from the accumulation of snow and ice and to provide a penalty for violation of the ordinance.

The responsibility of the occupant is to the municipality.  The occupant has no duty toward a pedestrian in such a case as the one at bar.

This rule is stated in Restatement (Second) of Torts § 288 (1965):

The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively

.    .    .    .    .

(c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public . . . .

The official comment to clause (c) of § 288 reads, at p. 32:

Other legislative enactments and administrative regulations are intended only for the purpose of imposing upon the actor the performance of a service which the state, or some subdivision of it, has undertaken to give to the public.  They are intended to make the actor responsible to the state, rather than to any individual; and in this respect they are similar to ordinances assessing the cost of street improvements upon the owners of abutting land.  Such a provision may be enacted as a part of the machinery by which a franchise is conferred upon a

1.  In an earlier action the city of Brookings was dismissed as a defendant based on appellants' failure to comply with the notice statute of limitations governing suits against a municipality.  *Budahl v. Gordon and David Associates and City of Brookings*, 287 N.W.2d 489 (S.D. 1980).

2.  Brookings City Ordinance § 33–72 provides:
    It shall be the duty of the owner or occupant or person in possession or in charge of any lot, parcel or plot of ground fronting or abutting

upon any sidewalk, to keep such sidewalk free and clear from snow and ice at all times. When it is impossible to take snow and ice from such walk by reason of its being frozen to the sidewalk, the owner or occupant or person in possession or in charge of such lot shall sprinkle or spread some suitable material upon the same to prevent the walk from becoming slippery and dangerous to travel.  (Rev.Ords. 1964, § 12.0501)

corporation to furnish water, transportation, or some other public service.... As an example of the general rule the authors of *Restatement* suggest a factual scenario similar to the one at issue:

Illustration:

5. A municipal ordinance provides that abutting property owners must repair defects in sidewalks and remove snow and ice from them, and that if they fail to do so they shall be liable to the city for the cost of the repairs or removal. The ordinance is construed to have no other purpose than to impose responsibility to the city. A, an abutting owner, fails to remove ice from the sidewalk. B slips on the ice and is injured. The ordinance does not provide a standard of conduct for the benefit of B.

Restatement (Second) of Torts, supra, at 32. We note that the majority of states adhere to the common law rule. See Annot., 82 A.L.R.2d 998 (1962); 39 Am.Jur.2d *Highways, Streets, & Bridges* §§ 517, 518, pp. 918–20 (1968); 63 C.J.S. *Municipal Corporations* § 862, p. 229 (1950).

■ Appellants ask us to abrogate the common law rule. We decline to do so. Rather, we hold that an owner or occupant of property is not liable to pedestrians for injuries resulting from a fall caused by the natural accumulation of snow and ice on a sidewalk in front of the property, notwithstanding the existence of an ordinance that imposes a duty upon the owner or occupant to remove the ice and snow and penalizes the failure to do so.[3]

■ The next question is whether the trial court properly granted appellee's motion for directed verdict. In this case, the issue that is crucial to the motion for directed verdict is whether there was any credible evidence showing an unnatural or artificial accumulation of ice and snow on the sidewalk abutting appellee's premises. An abutting property owner or occupant is held liable only if he causes such an unnatural or artificial accumulation. *Strandness v. Montgomery Ward*, 199 N.W.2d 690 (N.D. 1972). See generally, Annot., 18 A.L.R.3d 428 (1968).

"[A] motion [for a directed verdict] necessarily admits the truth of plaintiff's evidence and every inference of fact that may be legitimately drawn therefrom." *Northwest Realty Company v. Perez*, 81 S.D. 500, 504, 137 N.W.2d 345, 347 (1965).

When faced with a motion to direct, the trial court is not free to weigh the evidence or gauge the credibility of the witnesses. These are matters for the jury. He must accept that evidence which is most favorable to the party against whom the motion is sought, and indulge all legitimate inferences in his favor that can fairly be drawn therefrom.... If, when so viewed, there is any substantial evidence to sustain the cause of action or defense it must be submitted to the jury....

*Myers v. Quenzer*, 79 S.D. 248, 254, 110 N.W.2d 840, 843 (1961) (citations omitted). See also *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978).

Appellants offered the testimony of an employee of a business located next door to appellee's building. This witness testified that he was familiar with appellee's premises on a daily basis from the time of the first snowfall in December 1976 through the time of the accident in February 1977. He testified in part that:

Q. Would you describe in as much detail as possible to the jury exactly what you saw concerning the accident?

A. Well, I seen this lady, or ladies, come out of Stewarts, and when she was approximately halfway across the sidewalk, her feet went out from under her, and she slid and come down completely on her back on the sidewalk.

. . . .

Q. At that particular time, did you have a chance to observe the sidewalk?

3. We note, however, that this court in *Rapid City v. First National Bank of the Black Hills*, 79 S.D. 38, 107 N.W.2d 693 (1961), held that SDC 45.1605 (SDCL 9–46–2) specifically makes an owner of property secondarily liable to a municipality for any damages caused by the owner's failure to repair the sidewalk in front of his property.

A. Yes.

Q. What did you observe?

A. That there was ice all over the sidewalk. The snow had covered it, but there was ice on the sidewalk.

Q. And was this compacted ice?

A. Yes.

Q. And concerning the building itself, did you ever see any water run off of the building?

A. There is some water that dripped over an overhanging that was on the building, yes.

Q. Where did that water run to then?

A. Onto the sidewalk.

Q. And did it freeze?

A. Yes.

After reviewing this evidence we cannot agree with the trial court's determination that appellants had failed to present substantial evidence from which the jury could have found that an unnatural or artificial accumulation of ice and snow existed on the sidewalk abutting appellee's property and that that accumulation was the proximate cause of Deanna Budahl's injuries. True, appellants might well have established with greater precision the location of the ice formed by the water that had dripped from the overhang, but the jury could fairly have inferred from the above-quoted testimony that the ice covered the sidewalk in the area where Mrs. Budahl slipped and fell. Accordingly, the trial court should have permitted the issue of appellee's liability for the condition caused by the dripping water to be decided by the jury. We therefore reverse the judgment to the extent that it denied appellants' claim of liability based upon this theory, and we remand the case to the circuit court for trial upon that issue. To the extent that the judgment was based upon the denial of appellants' claim of liability for violation of a general duty to remove ice and snow, it is affirmed.

DUNN, MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

A fair reading of the trial testimony reveals credible evidence that there existed a jury question as to whether there was an unnatural or artificial accumulation of ice and snow on the sidewalk. Testimony introduced by the appellant reveals a dripping of water from an overhang onto the sidewalk and a freezing of this accumulation. Moreover, and most importantly, the neighbor of appellee testified that from December of 1976 through February of 1977 there was a failure to shovel the sidewalk, save for occasional scoops of snow by the steps, and no precautions were taken to avert injury such as ashes, sand, gravel, or salt being placed on the sidewalk at the situs of the freezing. This same witness testified that he informed appellee's employees of this condition and that something should be placed on the sidewalk because it was dangerous. It appears that this advice went unheeded. The enterprise which attempted to attract business was known as Stewarts Hairstylists and it was this enterprise which invited the appellant onto its property. When appellant and her daughter left Stewarts, her feet went out from under her and she fell, ultimately incurring approximately $15,000 in medical expenses and alleged permanent injury. Snow covered the compacted ice where appellant fell. As I review this file, I see no contributory negligence or assumption of the risk shown at the time of trial. Therefore, the trial court erred in granting the appellee's motion for a directed verdict at the close of the evidence for the reason that the appellant introduced evidence (if believed by the jury) of an unnatural and artificial accumulation of snow and ice on the sidewalk in front of the appellee's property, thereby causing the slip and fall of the appellant. For a slip and fall case involving ice, a hairstyling salon, and a reversal on a directed verdict against the injured plaintiff, see Maxwell v. Lewis, 186 Neb. 722, 186 N.W.2d 119 (1971).

Authority for the rule that actionable negligence may be predicated on the cre-

ation of an unnatural or artificial accumulation of snow or ice by an owner or tenant of a building may be found in the annotation at 95 A.L.R.3d 15 (1979), Injuries in Connection with Ice or Snow and also 18 A.L.R.3d 428 (1968), Abutting Owner's Liability for Injury from Ice Formed on Sidewalk by Discharge of Precipitation Due to Artificial Conditions on Premises. So, in our decision in this case, we are not exactly plowing virgin ground. It is old law but it is still good law that you cannot use your property to the detriment of another. In *Longberg v. H.L. Green Company*, 15 Wis.2d 505, 113 N.W.2d 129 (1962), a dentist and a property owner were sued for personal injuries caused by water flowing from the dentist's office and then freezing into ice on the sidewalk in the entrance way. Held, the dentist was not relieved of liability on the ground that he breached no duty of care to the pedestrian. In the instant case, appellant was a business invitee and not just a passerby pedestrian.

It is true that the enterpriser or occupier of the premises is not an insurer of the safety as regards the general public. For, in the case of *Johanson v. Nash Finch Company*, 216 N.W.2d 271, 276 (N.D.1974), the North Dakota Supreme Court quoted with approval (and it makes sense) the following statement found in Prosser, Law of Torts, 4th Edition, § 61 at pages 392–393:

"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of · which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the in-

vitee from dangers which are forseeable from the arrangement or use. The obligation extends to the original construction of the premises, where it results in a dangerous condition. The fact that the premises are open to the public must be taken into account, and will call for greater care than in the case of a visitor at a private home." *

The reason that I quote *Johanson* is because it drew strength from *Clark v. Stoudt*, cited in the majority opinion. However, although *Clark* blessed the old common law principles, it did say:

*If the abutting owner discharged water or snow upon the sidewalk or permitted it to drip from his roof onto the sidewalk, we would have a different situation*, but where the accumulation comes from natural causes the primary duty is upon the municipality which may by ordinance call upon the owners to assist it in the discharge of its municipal duties. (Emphasis supplied mine.)

*Clark*, 73 N.D. at 172, 12 N.W.2d at 711. Perhaps more on point, as regards the case at bar, than any other is the 1972 North Dakota Supreme Court case of *Strandness v. Montgomery Ward*, cited by the majority opinion, but which cited the forerunner, *Clark*. Factually, our decision here involves an "overhang"; *Strandness* mentioned a "canopy". After quoting from *Clark*, North Dakota's Supreme Court in *Strandness* expressed:

An exception to the general rule is that the abutting property owner or occupant who constructs or maintains upon his property a canopy in such a manner as to cause an artificial discharge and accumulation of water upon the sidewalk, which, when frozen, makes the use of the sidewalk dangerous, will be held liable to one who, being rightfully upon the sidewalk, is injured in consequence of such dangerous condition.

* *See also, Wolf v. Graber*, 303 N.W.2d 364, 368 (S.D.1981), for liability of store owner to business invitee for harm caused on the premises (not on the sidewalk) of an 86-year-old woman falling down steps from rear entrance into the store and who had no apparent actual or constructive knowledge of dangerous condition.

*Strandness*, 199 N.W.2d at 691. Appellants are entitled to have a jury decide the question of negligence.

A municipal corporation is charged with the duty of keeping its streets and sidewalks in a reasonably safe condition. *McCleod v. Tri-State Milling Co.*, 71 S.D. 362, 24 N.W.2d 485 (1946). In 1961, this Court in *Rapid City v. First National Bank of the Black Hills (Rapid City)*, cited in footnote 3 of the majority opinion, reiterated the general principle that a municipality is charged with the affirmative duty of keeping its sidewalks in a reasonably safe condition for public travel and is liable for injuries caused by its neglect. In our 1961 expression, we indicated that:

> Conversely, as there is no common law duty resting upon the owner or occupant of land abutting upon a public walk to keep or maintain the same in repair there is no corresponding liability to the general public *except when such owner or occupant creates or maintains an excavation or other artificial condition on the sidewalk which causes or contributes to an injury. Kimball v. City of Sioux Falls*, 71 S.D. 35, 20 N.W.2d 873 [1945]. (Emphasis supplied mine.)

*Rapid City*, 79 S.D. at 40, 107 N.W.2d at 694. Because SDC 45.1605, now SDCL 9–46–2, went beyond the usual statutory provisions found in other states, this Court was constrained to honor the specifics of that statute which provided, essentially, that the abutting owner was secondarily liable to the municipality for damages caused by the owner's failure to repair. Liability for damages thereunder would ultimately shift to the abutting lot owner. Did South Dakota therefore make an inroad upon the common law rule? Yes, in my opinion, and by the passage of the statute which was interpreted and honored by the 1961 Court. There is no doubt that statutes requiring abutting landowners to construct and repair sidewalks and rebuild them, if necessary, have been enacted to assess the cost against the owners rather than have the municipality defray the costs. Interpretation of these statutes reveals by overwhelming authority that this does not impose liability upon the abutting landowner either to the pedestrians or to the municipality for injuries caused by a defective sidewalk. However, our state cut into the common law rule in 1961. The majority would not now abrogate the common law rule; neither would I. However, rules have exceptions and I would watch for them as did this Court in 1961. In my book, the 1961 decision was sound. Additionally, statutes in derogation of common law are to be liberally construed with a view to effect the objects of the statute and to promote justice. The old rule of the common law that statutes in derogation of the common law are to be strictly construed has no application in this state. *See* SDCL 2–14–12.