HANIGAN, Appellant, v. MINNEHAHA COUNTY et al., Respondents.

(201 N. W. 522.)

(File No. 5570. Opinion filed December 13, 1924.)

1. **Highways—Negligence—Damages—Counties—Township Held Not Liable for Injury Resulting from Defective Highway.**

Although under Rev. Code 1919, Secs. 8589, 8590, an organized civil township was liable for defective maintenance of county highways, since Laws 1919, c. 333, a civil township no longer has any power or duty in respect to maintenance of county highway system, and Section 29 places such duty on county board.

2. **Highways—Negligence—Actions—County Not Liable for Defective Maintenance of County Highways Unless Expressly Made So by Statute.**

There being no express statutory provision rendering county liable for injuries caused by negligent maintenance of county highway system, a county is not liable for injuries resulting from failure of its officers to repair bridge upon county highway.

Appeal from Circuit Court, Minnehaha County; Hon. Asa Forrest, Judge.

Action by Albah Hanigan against Minnehaha County and Edison Township. From an order sustaining demurrers to complaint, plaintiff appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Hugh S. Gamble,* State Attorney, and *Michael G. Luddy,* both of Sioux Falls, for Respondent, Minnehaha County.

*Waggoner & Stordahl,* of Sioux Falls, for respondent, Edison Township.

Respondent cited: Bailey v. Lawrence County, 59 N. W. 219; Plumbing Sppply Co. v. Board of Education, 142 N. W. 1131; Wilson v. Wapello County, Iowa, 104 N. W. 363; 6 Am. and Eng. Ann. Cas. 958; 13 R. C. L. 313; Miller v. Detroit, 121 N. W. 490; 16 Am. and Eng. Ann. Cas. 832; Post v. Davis County, 191 N. W. 129.

GATES, J. This is an action brought against Minnehaha county and Edison township, an organized township of said county, for damages for personal injuries sustained by plaintiff while driving upon a highway in said township on August 2, 1923. The defendants each demurred separately to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The trial court sustained each demurrer and therefrom the plaintiff appeals.

Appellant predicates his right to bring this action on sections 8589 and 8590, Rev. Code 1919, which read as follows:

"Sec. 8589. *Guards Erected—Repairs.* It shall be the duty of the governing body of every city, incorporated town and organized civil township, and of the board of county commissioners in territory not included in any such city, town or township, to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof; and in case any highway, culvert or bridge shall become, in whole or in part, destroyed or out of repair by reason of floods, fires or other cause to such an extent as to endanger the safety of public travel, it shall be the duty of such governing body or board, upon receiving notice thereof, to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such hihway of sufficient height, width and strength to warn and guard the public from accident or injury, and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing

body or board to guard any abandoned pubilc highway, culvert or bridge as provided in this article.

"Sec. 8590.   *Violation—Penalty—Damages.*   Any officer who shall violate the provisions of the preceding section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than ten nor more than fifty dollars or by imprisonment in the county jail not less than five or more than ten days, or by both such fine and imprisonment; and any person who shall sustain injury to person or property by reason of any violation of such section shall have a cause of action against the city, town, township or county, as the case may be."

The complaint charges that the defendants, respondents here, were negligent in failing to keep the highway, to wit, a bridge, at a place specified, in a condition fit for travel, and in allowing it to be and remain in a dangerous condition, the particulars of which are fully set forth.   It is also alleged that the highway in question is part of the present county highway system.

[1]   If said sections 8589 and 8590 were now the law on the subject, or were the only law on the subject, it must be conceded that a cause of action would have been alleged against Edison township because that township is an organized civil township. By the same token it must be conceded that no cause of action would have been alleged against Minnehaha county under said sections because section 8589 does not purport to impose a duty upon the county in respect to highways in organized civil townships, and it is only for the violation of section 8589 that section 8590 purports to create a remedy in the form of a civil action.

However in 1919 the state entered upon a new era of highway construction.   Chapter 333, Laws 1919, is a comprehensive statute upon that subject.   It provides generally for three systems of highways:   (1) The state trunk highway system, aided by federal funds, constructed by the state highway commission; (2) the county highway system constructed by the counties under the supervision of the state highway commission; and (3) secondary roads, constructed by townships.   A civil township no longer has any power or duty in respect to the construction or maintenance of any part of the county highway system within its borders and section 29 of said chapter 333 purports to place upon the county

board the duty of constructing and maintaining all bridges in the county except those on the state trunk highway system. It is therefore perfectly clear that said section 8590 no longer has any application to townships in respect to an injury arising from defective maintenance of the county highway system. The demurrer of Edison township to the complaint was therefore rightly sustained.

[2] Now, as to the liability of Minnehaha county: Prior to the adoption of chapter 210, Laws 1915, which chapter was the original source of said sections 8589 and 8590, it was the settled law of this jurisdiction, following the rule of the common law, that a county was not liable for damages caused by the neglect of its officers to keep in repair a bridge upon a public highway because there was no express statute creating such a liability. That doctrine was enunciated in Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881, wherein the court, in syllabus 2, said:

"Notwithstanding that the statute of this state imposes upon the boards of county commissioners the duty of keeping in repair the bridges in counties having no township organizations, and provides the method and means of raising revenue for that purpore, in the absence of an express statute making such county liable to an action for damages caused by a neglect of such duty, no action lies against the county by a private individual."

The court also said:

"While, in this state, counties are made corporations for civil and political purposes only, they are corporations with comparatively limited powers; and while it is true that the Legislature has imposed upon counties the duty of keeping in repair the bridges on the public highways, and provided the methods for raising revenue by taxation requisite for such purpose, yet to hold that the counties are thereby made liable for injuries caused by defects in such bridges, in the absence of legislation making them so liable, would be a species of judicial legislation."

In view of that settled rule we must therefore find an express statute permitting recovery from counties before we would be justified in holding Minnehaha county liable in the present action. Nowhere in the Code of 1919, nor in subsequent statutes, has the Legislature, in terms, given the right to bring an action

against a county for damages caused by negligence in the maintenance of a highway in an organzed civil township except possibly in the case of state trunk highways. We say "except possibly" advisedly, for while section 61 of said chapter 333, in terms, purports to provide for a cause of action against the county in case of damages due to the insufficiency or lack of repair of the state trunk highway system, yet chapter 285, Laws 1923, has taken from the counties the duty of repair and maintenance of such system and placed it upon the state highway commission. We are not called upon to now decide whether the liability of the county in such a case survives said 1923 enactment. In any event no cause of action is, in express terms, anywhere granted against a county for damages in the case of highways forming a part of the county highway system. Appellant, however, says that the use of the words "as the case may be" at the end of said section 8590, indicates a legislative intent that liability shall follow duty, and that, inasmuch as this section was not specifically repealed, the county should now be held liable for damages caused by defects in the county highway system, because they claim that sections 16 and 43 of said chapter 333 place the duty of repair and maintenance of such system upon the county. But there is no such unqualified duty resting upon the county board as would render logical the application of the rule contended for. The recent highway legislation is much like that of Iowa, concerning which the court said in Post v. Davis County, 196 Iowa, 183, 191 N. W. 129.:

"The general purport of the new highway legislation is to unify the development and improvement of the highways of the state into one general and consistent scheme. This scheme contemplates a division of the burden as between county and township and state and federal government. The supreme administrative authority is retained by the state and is exercised through its duly appointed officials, the state highway commission. The local administrative authority is vested largely in the board of supervisors and to some extent in the township trustees. All acts of the board of supervisors are submitted to the advance approval of the highway commission. While power is conferred upon the boards to build bridges in their respective counties, yet this power is subordinated to the supervision of the highway commission and

must be exercised pursuant to plans and specifications furnished by such commission."

So that even if the words "as the case may be" in said section 8590 imply that liability shall follow duty, it cannot be said that the county should even be held morally liable in the present case, in view of its subordination to the state highway commission.  But we prefer to rest our decision on the rule announced in Bailey v. Lawrence County, supra.  Inasmuch therefore as no express liability is created by statute, Minnehaha county is not liable for the injury in question.  The reasons justifying this decision are most cogently stated by Mr. Justice Evans, in Post v. Davis County, supra, as follows:

"In this era of road improvement, millions of dollars are being expended in the respective counties of the state.  The enterprise is not commercial; it pays no dividends; it collects no tolls.  The benefits accruing are extended freely to all comers without money or price.  Behind the county in its public service is the taxpayer who must respond to the public expenditure.  If, in addition to this burden, it, be the public policy that he must carry the hazard of the road which his tax payments have builded, and that he must protect the traffic and travel thereon against the hazard of negligence, and must defend the issue on every claim predicated upon the alleged negligence of public officials, then clearly such policy should be declared and the extent of the liability and the limitations thereon should be definitely promulgated by legislative action."

The order appealed from is affirmed.

DILLON, J., not sitting.

Note.—Reported in 201 N. W. 522.  See, Headnotes (1) and (2), American Key-Numbered Digest, Highways, Key-No. 198, 29 C. J. Sec. 440.