## CLEMENTSON, Respondent, v. UNION COUNTY, Appellant.

(256 N. W. 794.)

(File No. 7741. Opinion filed October 17, 1934.)

*O. C. Donley,* State's Attorney, of Elk Point, for Appellant.
*L. W. Mead,* of Elk Point, for Respondent.

RUDOLPH, J.  This action was brought against Union county to recover damages alleged to have been suffered by Ruth Clementson, in an automobile accident which occurred on a highway which was a part of the Union county highway system and not included within the limits of any city or town in the county. The basis of the alleged liability of the county was the failure of the county commissioners to repair and protect a certain washout and gully in the highway into which was driven the car in which Ruth Clementson was riding, with the alleged resultant injury to her.  The jury returned a verdict for the plaintiff, and this is an appeal from the judgment and an order denying a motion for a new trial.

Three questions only are presented and argued by appellant.  First, appellant contends that the county is not liable for injuries caused by negligent maintenance of any highway within the county which is a part of the county highway system; second, there is no evidence that the county commissioners had notice of the defective condition of the highway; third, there is no evidence of any damage suffered by Ruth Clementson.

The first contention of appellant is based upon the decision by this court in the case of Hanigan v. Minnehaha County, 47 S. D. 606, 201 N. W. 522.  In that case it was held that there was no express statutory provision rendering a county liable for injuries caused by negligent maintenance of the county highways included within the county highway system, and without such express statutory provision there was no liability on the county.  Plaintiff in

the Hanigan Case predicated his right to recover upon sections 8589 and 8590, R. C. 1919, as those sections appeared at that time. We quote the two sections as they were at the time the Hanigan Case was decided:

"§ 8589. *Guards Erected—Repairs.* It shall be the duty of the governing body of every city, incorporated town and organized civil township, and of the board of county commissioners in territory not included in any such city, town or township, to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof; and in case any highway, culvert or bridge shall become, in whole or in part, destroyed or out of repair by reason of floods, fires or other cause to such an extent as to endanger the safety of public travel, it shall be the duty of such governing body or board, upon receiving notice thereof, to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient height, width and strength to warn and guard the public from accident or injury, and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert or bridge as provided in this article.

"§ 8590. *Violation—Penalty—Damages.* Any officer who shall violate the provisions of the preceding section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than ten nor more than fifty dollars or by imprisonment in the county jail not less than five nor more than ten days, or by both such fine and imprisonment; and any person who shall sustain injury to person or property by reason of any violation of such section shall have a cause of action against the city, town, township or county, as the case may be."

Obviously the above Code provision, section 8589, did not, as was said in the Hanigan Case, "purport to impose a duty upon the county in respect to highways in organized civil townships," and it was only for a violation of the duty imposed by said section 8589 that section 8590 purported to provide a remedy. However, in 1931 the Legislature amended the above sections 8589 and 8590

by enacting chapter 167, Laws 1931. The said two sections now appear as follows:

"Section 8589. *Guards Erected—Repairs.* It shall be the duty of the governing body of every city, incorporated town and of the board of county commissioners in the territory not included in any such city or town, to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof, and in case any highway, culvert or bridge shall become, in whole or part, destroyed or out of repair by reason of floods, fires or other cause to such an extent as to endanger the safety of the public, it shall be the duty of such governing body or board, upon receiving notice thereof, to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient height, width and strength to warn and guard the public from accident or injury, and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert or bridge as provided in this article.

"Section 8590. *Violation—Penalty—Damages.* Any officer who shall violate the provisions of the preceding section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than ten nor more than fifty dollars or by imprisonment in the county jail not less than five nor more than ten days, or by both such fine and imprisonment; and any person who shall sustain injury to person or property by reason of any violation of such section shall have a cause of action against the city, town, or county, as the case may be."

As these sections now appear it seems quite evident that a duty is imposed upon the county in respect to highways in organized civil townships. A duty is now imposed by section 8589 upon the board of county commissioners with respect to the roads of the county except within the limits of a city or incorporated town. The organized civil township is omitted entirely from the provisions of the amended section 8589, and the duty imposed by this section with respect to roads in the county is placed upon the county commissioners, excepting only the roads in cities and incorporated

towns. The duty being imposed by section 8589, as amended, section 8590 expressly gives a remedy, for the violation of this duty, in the form of a civil action, wherein it provides: "Any person who shall sustain injury to person or property by reason of any violation of such section (section 8589) shall have a cause of action against the city, town, or county, as the case may be." We, therefore, think it clear that under the reasoning in the Hanigan Case, and the said Code sections as now amended the county is now made expressly liable for any failure to maintain roads within the county highway system in accordance with the .duty imposed by said. section 8589, as amended in 1931.

Whether this 1931 amendment to section 8589 has any effect upon the liability of a county so far as concerns roads which are a part of the "trunk highway system," as that liability is defined in the case of Cain v. Meade County, 54 S. D. 540, 223 N. W. 734, is not now before us, and we have not herein intended by implication or otherwise to express any opinion thereon. The facts in this case concern liability of the county only in so far as roads which are a part of the county highway system are concerned, and the views herein expressed are limited to the county's liability with respect to such highways.

Appellant's second contention is based upon the failure of the plaintiff to prove that the county commissioners had actual notice of the defect in the highway. Our statute does not expressly require actual notice, and by the great weight of authority it is held that unless actual notice is required by the statute constructive or implied notice is sufficient. Handy v. Meridian Twp., 114 Mich. 454, 72 N. W. 251; Blankenship v. King County, 68 Wash. 84, 122 P. 616, 40 L. R. A. (N. S.) 182; Johnson v. Iron River, 149 Wis. 139, 135 N. W. 522; Waud v. Polk County, 88 Iowa 617, 55 N. W. 528. The statute of Michigan (3 How. Ann. St. §§ 1446c and 1446d), at the time of the decision of the case of Handy v. Meridian Twp., supra, was almost identical in its requirements as to notice as our section 8589, and the Michigan court in that case held constructive or implied notice met the requirements of the statute. This court has consistently held that independent of statute notice to the governing body of a municipality of a defective condition of a sidewalk is necessary before liability attaches to the municipality for the defect, yet implied or constructive notice has always

been held sufficient to meet this requirement of notice. Smith v. City of Yankton, 23 S. D. 352, 121 N. W. 846; Gellenbeck v. City of Mobridge, 40 S. D. 157, 166 N. W. 631; Schuler v. City of Mobridge, 44 S. D. 488, 184 N. W. 281. The plaintiff did show that the highway on which the accident occurred was one of the main traveled roads in Union county, and that the washout or gully had been in existence for a period of six weeks preceding the accident, and this is sufficient to warrant a jury in finding that the county commissioners had implied or constructive notice of the defective highway, which in our opinion is sufficient upon which to base the verdict.

Appellant's third contention questions the sufficiency of the evidence to establish the fact of damage suffered by respondent. The jury returned a verdict in the sum of $250. We are of the opinion that the evidence is sufficient to justify the verdict in the amount returned.

The judgment and order appealed from are affirmed.

All the Judges concur.