CITY OF RAPID CITY, Appellant v. FIRST NATIONAL BANK OF THE BLACK HILLS, Respondent

(107 N.W.2d 693)

(File No. 9853. Opinion filed February 16, 1961)

**Searle & Kandaras,** Rapid City, for Plaintiff and Appellant.

**Bottum & Christol,** Rapid City, for Defendant and Respondent.

HANSON, J.   This is a sequel to the case of Gurney v. Rapid City, 74 S.D. 194, 50 N.W.2d 360, in which Mary L. Gurney recovered a substantial judgment against the City for personal injuries resulting from a fall on sidewalk adjacent to property owned and occupied by the First National Bank of the Black Hills. In the present action Rapid City seeks indemnity from the defendant Bank for the amount of the judgment and costs the City was obligated to pay in the Gurney case. Recovery was denied by the trial court and the City has appealed.

A municipality has full and complete control over the public sidewalks within its corporate limits. Consequently, a municipality is charged with the affirmative duty of keeping its sidewalks in a reasonably safe condition

for public travel, Usletten v. City of Brookings, 59 S.D. 477, 240 N.W. 851; Fenton v. Ackerman, 66 S.D. 465, 285 N.W. 516; Smith v. City of Yankton, 23 S.D. 352, 121 N.W. 848; Bohl v. City of Dell Rapids, 15 S.D. 619, 91 N.W. 315, and is liable for injuries caused by its neglect. Rowe v. Richards, 32 S.D. 66, 142 N.W. 664, L.R.A. 1915E, 1069; Larson v. Grand Forks, 3 Dak. 307, 19 N.W. 414. Conversely, as there is no common law duty resting upon the owner or occupant of land abutting upon a public walk to keep or maintain the same in repair there is no corresponding liability to the general public except when such owner or occupant creates or maintains an excavation or other artificial condition on the sidewalk which causes or contributes to an injury. Kimball v. City of Sioux Falls, 71 S.D. 35, 20 N.W.2d 873.

Conceding the foregoing to be settled law the City nevertheless contends that SDC 45.1605 alters the common law status of abutting owners by imposing a duty to repair defective sidewalks and by making them liable to the municipality for neglect to perform such duty. The statute provides:

> "Any owner of real property who shall fail to keep in repair the sidewalks in front of or along such property if he reside thereon, or if he does not reside thereon, to repair the same forthwith when notified, shall be held liable to the municipality for any damage caused by such neglect."

The record shows that in 1946 an engineer was employed by the City to make a survey of its public sidewalks. With reference to the walk abutting the Bank's property the engineer found a three or four foot strip near the outer curb to be lower than the surrounding sidewalk. He recommended the removal and replacement of this portion, consisting of 250 square feet. Thereafter, pursuant to a resolution adopted by the City Commission, the following notice was published on May 23 and again on May 30, 1946, in the official newspaper of Rapid City:

"Notice To Repair Or Rebuild Sidewalks

"The Board of City Commissioners of the City of Rapid City, South Dakota, deems it necessary to repair or rebuild the cement sidewalks in front of and abutting upon the following lots or parcels of land:

"(Here follows a list of properties, including the defendant Bank's property described as Lots 15—16, Block 84, Original Townsite)

"The owners of the above described lots and parcels of land are hereby notified to repair or rebuild, at their own cost and expense, cement sidewalks in front of and abutting upon said lots and parcels of land, on or before the 1st day of September 1946; the improvement to be made with Portland Cement Concrete in accordance with the City Ordinance and under the supervision of the City Engineer.

"Notice is also hereby given that if the above mentioned improvement is not done by the owner or owners within the time specified, the City Commission, by resolution, will cause the same to be done, and the cost thereof assessed against the property fronting and abutting thereon, as provided by Section 45.1603, South Dakota Code of 1939.

"By Order of the Board of City Commissioners
"C. I. Leedy, Auditor
"By R. R. Lang
"Deputy City Auditor"

The defective portion of defendant's sidewalk was not replaced or repaired by either the Bank or the City and Mary L. Gurney later fell and was injured thereon.

The trial court felt obligated to strictly construe section 45.1605 and concluded the defendant Bank was not liable over to the City for the following reasons: (1) the

notice to repair and rebuild given by the City was insufficient, and (2) replacing a segment of a sidewalk does not constitute a "repair" within the contemplation of such statute. We reach a contrary conclusion.

■ Although section 45.1605 may be in derogation of the common law it nevertheless must be "liberally construed with a view to effect its objects". SDC 65.0202(1). It must also be considered and construed in connection with the following other related provisions of Chapter 45.16:

> "SDC 45.1602 Notice to owners. Whenever the governing body shall deem it necessary to construct, rebuild, or repair any sidewalk, it shall notify all owners of lots adjoining such sidewalk to construct, rebuild, or repair the same at their own expense within a time designated.

> "Such notice shall be in writing and either be served personally on each said owner or by publication once in each week for two consecutive weeks. It shall set forth the character of the work and the time within which it is to be done. Such notice may be general as to the owners but must be specific as to the description of such lots."

> "SDC 45.1603 When work is not done by owner. If such sidewalk be not constructed, reconstructed, or repaired in the manner and within the time prescribed, the governing body by resolution may cause the same to be done and the cost thereof assessed against the lots fronting or abutting upon the sidewalk so constructed, reconstructed, or repaired, as provided in this title. * * *"

■ The above provisions require abutting owners to construct, rebuild, or repair sidewalks adjacent to their property and provide a procedure for assessing the cost against owners when the work is done by the municipality. Similar statutes have been enacted in many states. In interpreting them, the great weight of authority is to the

effect that liability is not imposed thereunder upon the abutting owner, either to travelers or to the City, for injuries caused by a defective walk. For discussion and annotations on the subject see 41 A.L.R. 212 and 93 A.L.R. 799. Section 45.1605 of our Code, however, goes beyond the usual statutory provisions in this regard. It specifically makes the abutting owner secondarily liable to the municipality for damages caused by the owner's failure to repair. Ultimate liability for damages caused by defective sidewalks is thereby shifted to the abutting lot owner.

With reference to owners who do not "reside" on their property the statutory duty to repair adjacent sidewalks and secondary liability for neglect does not shift until the owner has been "notified". Such owner's actual notice or knowledge of defects is not sufficient for this purpose and evidence relative thereto was immaterial in the present action. However, the Notice to Repair or Rebuild given by the City, by publication, pursuant to section 45.1602 also served, in our opinion, as notification under section 45.1605. Personal service of such notice is not required. It would be unreasonable to require a further, or separate, notice under such statute in order to create secondary liability upon owners who "do not" reside on their property when liability is imposed on other owners without notice. The distinction between the two classes of property owners should not be made unrealistic by judicial construction.

Section 45.1605 imposes liability for damages upon abutting owners for failure to repair forthwith, or keep in repair, the sidewalks along or in front of their property. Unlike sections 45.1602 and 45.1603 the words "construct", "rebuild" or "reconstruct" are not employed. As applied to the facts in this case the terminology difference is without significance. Words used in statutes "are to be understood in their ordinary sense". SDC 65.0202(7). The ordinary meaning of the word "repair" is "to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." Webster's New International Dictionary 2nd

Ed. With reference to sidewalks, keeping them in "repair" means keeping them in a reasonably safe condition for public travel. The use of the word "repair" in section 45.1605 is, therefore, broad enough in its ordinary sense to include a partial replacement or partial reconstruction of an existing sidewalk if necessary to restore the same to a reasonably safe condition for public travel. Whether or not section 45.1605 imposes secondary liability upon an abutting owner who fails or refuses to "construct" a new sidewalk or who fails to "rebuild" or "reconstruct" an entire sidewalk, after being notified by the municipality to do so, we do not now have to decide.

Reversed.

All the Judges concur.