JENSEN et al., Appellants v. HUTCHINSON COUNTY, Respondent

(166 N.W.2d 827)

(File Nos. 10531 - 10533.  Opinion filed April 11, 1969)

Rehearing  denied  May  14, 1969

**Milton Buechler,** Lennox, **George Weisensee,** Sioux Falls, for plaintiffs and appellants.

**Woods, Fuller, Shultz & Smith,** and **A. D. Sommervold,** Sioux Falls, for defendant and respondent.

BIEGELMEIER, Presiding Judge.

Eldon Jensen was the driver and Elsie Jensen and Eunice Jensen were passengers in an automobile which, on November 6, 1965, failed to negotiate a turn in a county road in Hutchinson County resulting in their injuries and these three actions against the county. The complaints and actions were dismissed with prejudice on their merits for failure to state a cause of action upon which relief could be granted and appeals therefrom were consolidated as they involve the same question. The complaints alleged Eldon Jensen was driving his car in a northerly direction on the county road, which turns sharply to the east and had been rebuilt by defendant county the previous summer when all constructions signs were taken down; that prior to defendant's rebuilding the road the dangerous curve was marked by an appropriate sign and after construction was completed defendant failed to replace this sign or a sign of any kind at an appropriate distance from the curve as required by SDC 28.09, and due to defendant's failing to mark the highway by replacing a proper curve, danger or slow sign, the driver of the car was caught by surprise and failed to turn the automobile in time, so that it was up on the gravel shoulder of the road and upset causing injury to each plaintiff; the defendant's negligence was the proximate cause of the injuries to each plaintiff.

■ The liability of townships and counties has been before the court in numerous cases, among them being Bailey v. Lawrence County, 5 S.D. 393, 59 N.W. 219, 49 Am.St.Rep. 881; Hanigan v. Minnehaha County, 47 S.D. 606, 201 N.W. 522; Reaney v. Union County, 69 S.D. 392, 10 N.W.2d 762; Williams v. Wessington Township, 70 S.D. 75, 14 N.W.2d 493; Lipp v. Corson County, 76 S.D. 343, 78 N.W.2d 172; and Dohrman v. Lawrence County, 82 S.D. 207, 143 N.W.2d 865. In all these cases the court stated, and it is now settled law, that counties and townships are not liable under the common law for injuries to persons or property for negligent construction, maintenance or repair of highways, and liability for damages is wholly statutory.

■ Plaintiffs state SDC 1960 Supp. 28.0913 is controlling, and we agree that it is. However, as plaintiffs then mention SDC 1960 Supp. 28.0901 may have some bearing on the case, we discuss it first. After directing that the State Highway Commission shall specify and may cause to be erected such standard guides and warning signs as it may deem necessary along the State Trunk Highway System, that section then provides:

"The public board or officer whose duty it is to repair or maintain any public highway shall erect and maintain at points in conformity with standard uniform traffic control practices on each side of any sharp turn, blind crossing, or other point of danger on such highway * * * a substantial and conspicuous warning sign, which sign shall be on the right hand side of the highway approaching such point of danger".

In Hanigan the court quoted syllabus 2 of the Bailey v. Lawrence County opinion as follows:

" 'Notwithstanding that the statute of this state imposes upon the boards of county commissioners the duty of keeping in repair the bridges * * * in the absence of an express statute making such county liable to an action for damages caused by a neglect of such duty, no action lies against the county by a private individual.' * * *

"In view of that settled rule we must therefore find an express statute permitting recovery from counties before we would be justified in holding Minnehaha county liable * * *."

Not finding such statute and resting the decision on that rule, it concluded "as no express liability is created by statute, Minnehaha county is not liable for the injury in question."

That doctrine has been adhered to by the court in the later opinions cited above. The second paragraph of SDC 1960 Supp. 28.0913 does in some cases create a cause of action against the public corporations named but is limited to "any violation of **this** section" (emphasis supplied). No other statute has been called to our attention that makes the county liable for damage resulting from a violation of SDC 1960 Supp. 28.0901, and it follows this action cannot be premised thereon.

■ This leaves plaintiffs' claim that the county is liable for damages under SDC 1960 Supp. 28.0913.[1] So far as applicable here SDC 1960 Supp. 28.0913 is the same now as before it was amended by § 1, Ch. 140, Laws of 1951. The amendment only extended the time to erect a guard over the defect from 24 to 48 hours and added a paragraph as to notice and excluding liability under SDC 61.0144. The court has heretofore determined the county is not liable under the statute, SDC 1960 Supp. 28.0913, relied on by plaintiffs. In Reaney v. Union County, supra, the court wrote:

---

1. This section provides: "**Defective highways, bridges, culverts: duty of county, township or municipality to guard and repair; action for damages by person injured.** In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert or bridge in like manner.

"Any person who shall sustain injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained. * * *"

"The broad general duty to maintain a reasonably safe highway has been eliminated, and the specific duty to guard and repair a damaged or destroyed highway has been retained (and that the county) * * * failed to install adequate signs warning of the danger incident to a sharp curve * * * cannot, by legitimate construction, be brought within the embrace of the language of SDC 28.0913."

The obligation of the county is spelled out in the statute in the following words:

"it shall be the duty of the governing body * * * to cause to be erected * * * substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury".

This can only mean damage to the driving part of the highway and cannot be construed to apply to signs. Dohrman v. Lawrence County, supra. The requirement of the guards clearly indicates the intention is to warn and properly prevent a person from driving into a washout, hole or other defect in the driving surface.[2] The court said the same in Lipp v. Corson County, 76 S.D. 343, 346, 78 N.W.2d 172:

"The duty of the county * * * is a statutory duty imposed by the provisions of SDC Supp. 28.0913 * * * (and) is therein declared to be to erect 'substantial guards over such defect or across such highway'."

It is violation of that duty which brings into play the cause of action sentence thereof. There is no duty in that section with reference to erection of curve or similar signs. While Judge Smith in the Reaney opinion did not expressly refer to it, both

---

2. The court approved recovery for failure to erect a guard to protect a washout in the highway of six weeks' duration in Clementson v. Union County, 63 S.D. 104, 256 N.W. 794.

the appellant's and respondent's briefs cite and discuss what is now SDC 1960 Supp. 28.0901, then Ch. 130, Laws of 1941. The briefs show that accident occurred February 15, 1942 when that amendment was in effect. Plaintiff's complaint alleged and the brief argued Union County never complied with that section in regard to signs. The court held failure to erect and maintain a warning sign of a curve did not create a cause of action against the county.

The complaint in Dohrman v. Lawrence County, supra, alleged a failure to erect and maintain warning signs under both SDC 1960 Supp. 28.0901 and 28.0913. Defendant's brief claimed the sign requirement was not an included duty under SDC 1960 Supp. 28.0913. The court said a failure to install adequate signs warning of danger incident to a sharp curve or steep hill is not a violation of duty under SDC 1960 Supp. 28.0913, and consequently no cause of action was stated against the defendant county.

That SDC 28.0913 and the current SDC 1960 Supp. 28.0913 (of no change in phraseology so far as applicable here) much limited the duty of the county under § 8589 Rev.Code of 1919 clearly appears from the Reaney opinion where the court said:[3]

> "It will be observed that the revision omits the provision of § 8589, supra, charging the county with the duty 'to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof;' and retains the provisions charging it with the duty to guard and repair highways which become in whole or in part destroyed or out of repair by reason of floods, fires, or other causes, and with the duty to guard abandoned highways. The county maintains that this omission is indicative of an intention to narrow the scope of its liability for negligence in highway maintenance.

---

3. Similar expressions appear in Dohrman v. Lawrence County, supra.

\* \* \* The conclusion is unavoidable that the liability of the county has been abridged by revision.

"For the purposes of this opinion it may be assumed that the county had been derelict in its duties, viz., that it had failed to install adequate signs warning of the danger incident to a sharp curve leading immediately to a narrow approach to a bridge \* \* \* However, these derelictions on the part of the county cannot, by legitimate construction, be brought within the embrace of the language of SDC 28.0913. The highway did not become defective in the described respects because it had 'become \* \* \* destroyed or out of repair by reason' of any cause."

Plaintiffs quote from Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356, as support for their contention that it may be the duty of a county to maintain and repair a bridge. The later opinion of that court in Turner County, S. D. v. Miller, 8 Cir., 170 F.2d 820, recognized the limitation of liability we here determine when, after quoting the trial court's instruction that references to negligence of the county meant " 'failure to erect this barricade' " and " 'should be limited to that particular thing' ", the Court of Appeals said the instructions "correctly limited the liability of the County to that imposed by statute" (SDC 28.0913).

It follows the trial court was correct in dismissing the actions and the judgments are affirmed.

ROBERTS and RENTTO, JJ., concur.

HANSON and HOMEYER, JJ., dissent.

HANSON, Judge (dissenting).

I am unable to concur.

Following a one car accident plaintiffs commenced separate actions against Hutchinson County alleging the county negligently failed to replace a "curve" or "warning" sign at a dangerous curve on a county highway. Their complaints were

dismissed on the merits and with prejudice. In my opinion the complaints allege a cause of action and the cases should be heard on the merits.

As there is no common law right of action against a county in this state for negligent maintenance of a highway the following statutory provision provides the exclusive remedy:

"In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury **and to repair the same within a reasonable time thereafter.** \* \* \*

"Any person who shall sustain injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained \* \* \*." SDC 1960 Supp. 28.0913.

Obviously, the main obligation of a county under this statute is to repair all defects in a county highway which endanger the safety of public travel. Incidentally the statute also imposes a secondary duty upon the county to erect temporary guards over defects, where needed, until repairs are made.

The critical question in these cases is whether a county's failure to replace a warning sign at a dangerous curve in a highway under its jurisdiction renders the highway "out of repair by reason of \* \* other cause" within the purview of

the above statute. If so, the county was obligated to repair or replace the same and the incidental duty of erecting guards over defects in highways simply has no application to such a defect.

It has previously been pointed out that our present statute (SDC 1960 Supp. 28.0913) is more restrictive in nature than originally provided in Sections 8589 and 8590, Rev.Code of 1919, which allowed recovery for failure "to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof". Commenting on this restrictive revision in Reaney v. Union County, 69 S.D. 392, 10 N.W.2d 762, the Court said: "The broad general duty to maintain a reasonably safe highway has been eliminated, and the specific duty to guard and repair a damaged or destroyed highway has been retained".

The Court went on in the Reaney case to conclude a county's failure to install adequate signs warning of danger incident to a sharp curve leading to a narrow approach to a bridge and failure to provide a substantial guardrail on the bridge approach were not actionable derelictions of duty within the meaning of SDC 28.0913 as "The highway did not become defective in the described respects because it had 'become  *  *  *  destroyed or out of repair by reason' of any cause. These defects were inherent in the design or plan of the highway the county provided the public, and we conclude that the present statute does not afford plaintiff a remedy for injuries proximately caused thereby." For the same reasons a county's failure to install adequate signs warning of danger incident to a sharp curve on a steep hill was not an actionable violation of duty under our statute. Dohrman v. Lawrence County, 82 S.D. 207, 143 N.W.2d 865. See also Mullins v. County of Wayne, 4 Mich.App. 359, 144 N.W.2d 829; Clouse v. County of Dawson, 161 Neb. 544, 74 N.W.2d 67, 55 A.L.R.2d 991.

Significantly, the warning signs involved in the Reaney and Dohrman cases had never been in existence so their ab-

sence could not be considered a defect which damaged, destroyed, or caused the highway to be out of repair. In the present action it is alleged a warning sign incident to the dangerous curve had originally been installed and maintained. During some road construction the warning sign was removed and never replaced.

Unless the dangerous curve was eliminated by the road construction the county was under a duty to replace the warning sign as directed in SDC 1960 Supp. 28.0901:

> "The public board or officer whose duty it is to repair or maintain any public highway shall erect and maintain at points in conformity with standard uniform traffic control practices on each side of any sharp turn, blind crossing, or other point of danger on such highway * * * a substantial and conspicuous warning sign, which sign shall be on the right hand side of the highway approaching such point of danger * * *".

It may be assumed that public authorities in the discharge of their duties under this statute have a measure of discretion in determining what curves, crossings, and other points of danger require a warning sign and failure to erect or install one is not ordinarily actionable, Reaney v. Union County and Dohrman v. Lawrence County, supra. However, in the present action in the exercise of its governmental discretion the county determined the curve in question was dangerous and erected a warning sign. It then became a physical and integral part of the highway. As an appurtenant part of the highway the county had a continuing duty to maintain and keep the sign in reasonable repair for the safety of public travel, O'Hare v. City of Detroit, 362 Mich. 19, 106 N.W.2d 538. We may assume, of course, from the allegations of the complaint that the dangerous curve continues to exist and the county had actual or constructive notice of the defect. The situation is not unlike a warning, danger, or stop sign that has been knocked over, fallen down, destroyed, or removed by vandals. A negligent failure to repair

or replace the same after notice of the defect would cause a highway to be "out of repair" within the contemplation of our remedial statute.

Because of differing statutory provisions authorities from other jurisdictions are not particularly helpful, but see Annot., "Duty of public authorities to erect and maintain warning signs or devices for curves in highway" 55 A.L.R.2d 1000; and cf. Irvin v. Padelford, 127 Cal.App.2d 135, 273 P.2d 539; Brown v. State Highway Commission, Kan., 444 P.2d 882; Wagshal v. District of Columbia, D.C.App., 216 A.2d 172; Resnik v. Michaels, 52 Ill.App.2d 107, 201 N.E.2d 769; Johnston v. City of East Moline, 405 Ill. 460, 91 N.E.2d 401; Dudum v. City of San Mateo, 167 Cal.App.2d 593, 334 P.2d 968; Firkus v. Rombalski, 25 Wis.2d 352, 130 N.W.2d 835; and Lyle v. Fiorito, 187 Wash. 537, 60 P.2d 709.

I would reverse.

HOMEYER, J., concurs in dissent.