**Hazel HOLLAND, Guardian Ad Litem for Larry Holland,**

v.

**YANKTON SCHOOL DISTRICT 63–3; Jayne Gullickson, Individually and in her capacity as an employee of Defendant Yankton School District 63–3; Robert Johnson, Individually and in his capacity as an employee of Defendant Yankton School District 63–3; and Arlene Stoebner, Individually and in her capacity as an employee of Defendant Yankton School District 63–3.**

No. 14632.

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 1985.

Decided Oct. 16, 1985.

Robert L. Chavis of Chavis Law Office, Yankton, for plaintiff and appellant.

Celia Miner and Gerald L. Reade of Brady, Kabeiseman, Reade & Johnson, Yankton, for defendants and appellees.

PER CURIAM.

Plaintiff appeals from a summary judgment that dismissed on sovereign immunity grounds the personal injury action that she had brought on behalf of her minor child. We affirm.

Plaintiff's complaint alleged that her son, who was then nine years old, suffered a third-degree burn on his leg when some hot soup spilled on him in the lunch room at Lincoln School in Yankton on March 29, 1983, as a result of the alleged negligence of the Yankton School District's employees. At the time of the accident, Yankton School District had in effect a liability insurance policy purchased pursuant to SDCL 13–10–9.

Plaintiff concedes that based upon this court's past holdings, defendant school district would be immune from suit under the doctrine of sovereign immunity. *See, e.g., Guillaume v. Staum,* 328 N.W.2d 259 (S.D.1982); *Merrill v. Birhanzel,* 310 N.W.2d 522 (S.D.1981). Plaintiff contends, however, that by purchasing liability insurance the state has waived the immunity of the school district and its employees. We do not agree.

SDCL 21–32–15 provides:

The state of South Dakota, through the commissioner of administration, may obtain and pay for public liability insurance to the extent and for the purposes considered expedient by the commissioner for the purpose of insuring the liability of the state, its officers, agents or employees.

SDCL 21–32–16 provides:

To the extent such liability insurance is purchased pursuant to § 21–32–15 and to the extent coverage is afforded thereunder, the state shall be deemed to have waived the common law doctrine of sovereign immunity and consented to suit in the same manner that any other party may be sued.

Although school districts are state agencies, *Guillaume* and *Merrill, supra,* the state by purchasing liability coverage for its officers, agents and employees did not

under SDCL 21–32–16 waive sovereign immunity on behalf of school districts. In *Norgeot v. State*, 334 N.W.2d 501 (S.D. 1983), we held that pursuant to SDCL 21–32–15, as it then read, the state's purchase of liability insurance for the "Employees of the State of South Dakota" had the effect of waiving sovereign immunity for the state itself as well as for its employees. We went on to indicate that the state could limit the waiver of immunity to a specific dollar amount or to specific types of coverage. Nothing in our decision in *Norgeot* indicated that purchase of liability insurance by the state for its officers, agents and employees would in any way have the effect of waiving the sovereign immunity of school districts and their employees, agents, and officers.

SDCL 21–32–17 provides:

Except as provided in § 21–32–16, any employee, officer or agent of the state, while acting within the scope of his employment or agency, whether such acts are ministerial or discretionary, is immune from suit or liability for damages brought against him in either his individual or official capacity.

Plaintiff contends that the individual defendants are not granted immunity pursuant to SDCL 21–32–17 inasmuch as they are not state employees, officers, or agents. In view of our holding that the state's purchase of liability insurance did not waive the school district's sovereign immunity, we need not decide this question, for under *Guillaume* and *Merrill, supra,* the individual defendants are also immune from suit.

The summary judgment is affirmed.

WUEST, Circuit Court Judge, acting as a Supreme Court Justice, participating.