James R. ZENS and Darlene K. Zens,
Plaintiffs and Appellants,

v.

CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY; and Aberdeen Township, Defendants, Third-Party Plaintiffs, and Appellees,

v.

MAJESTIC CONTRACTORS, LTD., formerly Majestic Wiley Contractors, Ltd., a corporation, Third-Party Defendant.

No. 14956.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1986.

Decided April 16, 1986.

James M. Cremer, of Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, for plaintiffs and appellants.

Chester A. Groseclose, Jr., of Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, for Chicago, Milwaukee, St. Paul and Pacific R. Co., defendant, third-party plaintiff, and appellee.

Jeffrey T. Sveen and Philo Hall, of Siegel, Barnett & Schutz, Aberdeen, for Aberdeen Tp., defendant, third-party plaintiff, and appellee.

HENDERSON, Justice.

### ACTION

This is an appeal by a husband and wife from a summary judgment granted in favor of the defendants, Chicago, Milwaukee, St. Paul and Pacific Railroad Company and Aberdeen Township, in a personal injury action. Wife's action sounds in loss of consortium. We affirm in part, reverse in part, and remand.

### PARTIES

Plaintiffs-appellants herein are James and Darlene Zens. We collectively refer to them as the Zens and singularly refer to Mr. or Mrs. Zens. Defendants, third-party plaintiffs-appellees are Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Railroad), and Aberdeen Township (Township). Majestic Contractors, Ltd., filed no brief.

### FACTS

In the Summer of 1981, Mr. Zens was employed as a laborer by Majestic Contractors, Ltd. (Majestic). Majestic transported its Aberdeen employees to the work site.

On August 26, 1981, Mr. Zens was a passenger in a bus operated by Majestic employee James Lancaster (Lancaster). The bus was heading toward the work site and was traveling east on a Township road known as the Country Club Road when it veered into the southern ditch, striking the backslope of the ditch and coming to rest partially on its side. The occupants of the bus were tossed around the inside of the bus and Mr. Zens' back was injured.

The exact cause of the accident is unclear. At the scene of the accident, Lancaster, the driver, told Chief Deputy Sheriff John Kahl that he hit a bump in the road and could not turn the steering wheel back and this caused the bus to go into the ditch. Deputy Kahl, however, observed that the road was dry and smooth, had been recently graded, and that no bump or hole existed in the road. Deputy Kahl's accident report reflected that the primary cause of the accident was: "Driver not paying attention while operating the bus."

An account of the accident expressed in Lancaster's affidavit is different from that given at the scene of the accident. In his affidavit, Lancaster states that the Country Club Road was bumpy and not level and that on the day of the accident, an oncoming well rig edged the bus toward the shoulder. He asserts the road had been recently graded and the dirt scraped into the ditch so the road surface appeared wider than it was. He relates the front tire hit this soft edge and because of the steep grade of the ditch and the absence of a shoulder, the bus could not be turned back and veered into the ditch. Another Majestic employee's account of the accident was that the bus vibrated off the road because of the rough road surface.

Prior to this accident and in 1973, the Railroad, in agreement with Township, trenched out a portion of the ditch which lies south of the Country Club Road. It appears there were flooding problems on a farmer's land and the trenching was supposed to alleviate this problem. The Rail-

road has tracks and land adjacent to, but not including, the ditch.

In 1978, Township trenched the drainage ditch out further. The ditch bottom was deepened by some two feet and some of the excess dirt was placed on Railroad property.

In their complaint, the Zens maintained that the Railroad's and Township's construction and maintenance of the ditch caused the normal descent into the ditch to be accelerated and then brought to a sudden stop by impact with the ditch's steep backslope. Zens further allege negligent construction and maintenance, nuisance, strict liability, and that the Country Club Road was out of repair by reason of the location and construction of the drainage ditch.

Contained in the settled record is the affidavit of Professional Engineer Albert Klais. Klais' affidavit states that the Country Club Road does not conform with the American Association of State Highway and Transportation Officials (AASHTO) standards for the design and construction of roadways because the shoulder is too small and the ditch's inslope and backslope are too steep. It is his opinion that by widening and deepening the ditch, the roadway came out of repair. This is pivotal to our holding. We note that there is no showing in the settled record to refute Klais' opinion.

The Railroad and Township moved for summary judgment, whereupon the trial court granted the same. From this judgment, the Zens now appeal. We treat two issues.

### DECISION

### I.

IS TOWNSHIP PROTECTED FROM THE PRESENT ACTION BY THE DOCTRINE OF SOVEREIGN IMMUNITY? UNDER THESE FACTS AND CIRCUMSTANCES, WE HOLD IT IS NOT AND THAT GENUINE QUESTIONS EXIST FOR THE TRIER OF FACT.

The Zens initially contend that Township has waived its sovereign immunity by the purchase of liability insurance. This contention, however, goes against the well-settled law of this state and is wholly without merit. The purchasing of "insurance does not create a cause of action where none existed in the absence of insurance." *Dohrman v. Lawrence County*, 82 S.D. 207, 212, 143 N.W.2d 865, 868 (1966). *See also, Holland v. Yankton Sch. Dist. 63-3*, 375 N.W.2d 199, 199–200 (S.D.1985); *Merrill v. Birhanzel*, 310 N.W.2d 522, 523 (S.D.1981); and *High-Grade Oil Co., Inc. v. Sommer*, 295 N.W.2d 736, 739 (S.D.1980). Nor do we read a waiver, as applicable to Township, arising from SDCL 21–32–16. This statute specifically applies to the *state's* waiver of sovereign immunity to the extent liability insurance is purchased pursuant to SDCL 21–32–15 for the *state*, its officers, agents, or employees. In *Holland*, we refused to extend the waiver under SDCL 21–32–16 to school districts, and here, we refuse to extend the SDCL 21–32–16 waiver to townships.

Zens' second and main contention is that the Country Club Road was out of repair within the meaning of SDCL 31–32–10, and that an action may therefore be maintained against Township under the purview of SDCL 31–32–11. We must examine these two statutes.

SDCL 31–32–10 provides:

In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It

shall also be the duty of such governing body or board to guard any abandoned public highway, culvert, or bridge in like manner. Any officer who violates any of the provisions of this section commits a petty offense.

SDCL 31–32–11 further provides in part:

Any person who shall sustain injury to person or property by reason of any violation of § 31–32–10 shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained.

■ Since it is only for the violation of SDCL 31–32–10 that SDCL 31–32–11 purports to create a remedy in the form of a civil action, *Hanigan v. Minnehaha County*, 47 S.D. 606, 608, 201 N.W. 522, 522 (1924), Township's liability, if any, is thus determined by applying the standard of conduct imposed by SDCL 31–32–10, rather than the standard of conduct of a reasonably prudent person, *Lipp v. Corson County*, 76 S.D. 343, 346, 78 N.W.2d 172, 174 (1956), because there is no common law right of action against a county or township for recovery of damages resulting from a defective highway. *Dohrman*, 82 S.D. at 209, 143 N.W.2d at 867. *See also, Pederson v. Canton Township*, 72 S.D. 332, 335, 34 N.W.2d 172, 174 (1948); and *Williams v. Wessington Township*, 70 S.D. 75, 79, 14 N.W.2d 493, 495 (1944).

■ In determining whether the standard of conduct imposed by SDCL 31–32–10 has been violated, we have concluded that no liability arises from inherent defects in the design or plan of the highway provided the public. *See Dohrman*, 82 S.D. at 210, 143 N.W.2d at 867; and *Reaney v. Union County*, 69 S.D. 392, 397, 10 N.W.2d 762, 764 (1943), *opinion adhered to on rehearing*, 69 S.D. 488, 12 N.W.2d 14 (1943). This is because statutory liability arises only in case a highway *becomes* out of repair and does not arise when a highway is defectively birthed. Thus, no liability is imposed for failure to install adequate signs warning of highway dangers, *Dohrman*, *Reaney*, and no liability is imposed for failure to install adequate guardrails because these are inherent defects in the highway. *Reaney*. However, once a highway warning sign is installed, and that warning sign is absent from its designated location, it is a question for the trier of fact whether the absence of that sign caused the road to become out of repair. *Kiel v. De Smet Township*, 90 S.D. 492, 497, 242 N.W.2d 153, 156 (1976). This Court has also determined that the duties imposed upon a county or township by SDCL 31–32–10 do not only apply to the driving portion of a highway, but also apply to an appurtenant part of the highway. *Kiel*, 90 S.D. at 495–97, 242 N.W.2d at 155–56. *See also, Jensen v. Hutchinson County*, 84 S.D. 60, 66–70, 166 N.W.2d 827, 831–32 (1969) (Hanson and Homeyer, Justices, dissenting).

■ In the present case, Professional Engineer Klais' affidavit states that the Country Club Road does not conform with AASHTO standards for the design and construction of roadways because the shoulder is too small and the ditch's inslope and backslope are too steep. It is therefore his opinion that by widening and deepening the ditch, the roadway became out of repair and nothing in the record refutes this opinion. We therefore determine that a genuine issue of material fact exists as to whether the Country Club Road became out of repair because of the widening and deepening of the ditch. If it did, whether such defect was the proximate cause of the accident, and whether Township had at least constructive or implied notice thereof, *Clementson v. Union County*, 63 S.D. 104, 108–09, 256 N.W. 794, 796 (1934), are further questions to be determined by the trier of fact. *See Kiel*, 90 S.D. at 497, 242 N.W.2d at 156; and *Parham v. Dell Rapids Township*, 80 S.D. 281, 286, 122 N.W.2d 548, 552 (1963). A surmise that the Zens will not prevail at trial because of the obvious difficulty of proving proximate cause, notice, and that the roadway became out of repair, is not a sufficient basis for granting summary judgment because such issues are not so sham, frivolous or unsubstantial that it would be futile to try them. *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207,

212, 157 N.W.2d 19, 21 (1968). Of course, if the evidence at trial shows that these supposed defects are inherent in the Country Club Road's design or plan, the Zens cannot recover because no liability arises from such inherent defects. *Dohrman.*

Therefore, as concerns Township, we affirm the trial court's summary judgment as to the Zens' counts alleging negligence, nuisance, and strict liability, but we reverse the summary judgment as to the Zens' out-of-repair count and remand for trial thereon.*

As for the Zens' contention that we should abolish the sovereign immunity doctrine in South Dakota, the above ruling makes the addressing of that contention unnecessary.

## II.

IS THE RAILROAD POTENTIALLY LIABLE TO THE ZENS FOR ASSISTING IN THE CREATION OF A POSSIBLE HAZARD IMMEDIATELY ADJACENT TO THE COUNTRY CLUB ROAD? WE HOLD THAT IT IS AND REMAND FOR A TRIAL ON THE MERITS.

As stated in the facts above, the ditch here in question, although abutting Railroad property, does not lie within the Railroad's property boundary. In 1973, however, the Railroad, in agreement with Township, trenched out a portion of the ditch, and in 1978, Township trenched the ditch out further.

While abutting property owners are not generally liable for injuries occasioned by defects on adjacent property, and the abutting owner is not required to maintain or repair a public highway, W. Keeton, D. Dobbs, R. Keeton and D. Owen, *Prosser and Keeton on the Law of Torts*, § 57, at 388 (5th ed. 1984), if the abutting owner's negligence causes or contributes to the defect, he can be held liable to one injured thereby. This is the rule in numerous states in regard to abutting owners and their causation of defects or hazards in sidewalks, *see* Annot., 88 A.L.R.2d 331, § 8 (1963). This is also the rule in South Dakota. In *Rapid City v. First Nat'l Bank of the Black Hills*, 79 S.D. 38, 40, 107 N.W.2d 693, 694 (1961), this Court stated:

> Conversely, as there is no common law duty resting upon the owner or occupant of land abutting upon a public walk to keep or maintain the same in repair there is no corresponding liability to the general public *except when such owner or occupant creates or maintains an excavation or other artificial condition* on the sidewalk *which causes or contributes to an injury.* (Emphasis supplied.)

These same general principles are also applicable to situations where individuals, including abutting property owners, create or maintain a defect or hazard in a public highway. 39 Am.Jur. 2d *Highways, Streets, and Bridges* §§ 359 and 365 (1968). Thus, as in this case, if an abutting owner creates a hazard or defect in a public highway or appurtenant thereto, which could foreseeably cause or contribute to injuries sustained by those using the public highway or reasonably straying therefrom, the abutting owner can be held liable for such injuries. Therefore, we reverse the summary judgment awarded the Railroad and remand for a trial on the merits. At trial, it will be the trier of fact who determines if the Railroad's trenching of the ditch created a hazard, if this hazard presented a reasonably foreseeable danger, if Township's further trenching superseded the Railroad's liability, if the trenching was the proximate cause of the Zens' injuries, and the extent of contributory negligence, if any. Genuine issues of material fact concerning these questions exist as the record now stands. The Railroad can be held liable for such injuries based upon the

---

* We note that a considerable question exists as to whether SDCL 31–32–11 permits Mrs. Zens to recover from Township for the loss of her husband's consortium. However, this question was not raised or presented below and the parties to this appeal have not briefed nor argued this question. Therefore, we will not resolve it without the benefit of a resolution by the trial court and without benefit of counsels' arguments.

present record. We thus reverse the summary judgment in favor of the Railroad.

Affirmed in part, reversed in part, and remanded.

MORGAN, J., and HERTZ, Circuit Judge, Acting as Supreme Court Justice, concur.

FOSHEIM, C.J., concurs specially.

WUEST, J., concurs in part and dissents in part.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

FOSHIEM, Chief Justice (concurring specially).

The majority properly concludes that summary judgment on Zens' negligence, nuisance, and strict liability was appropriate but that a material issue of fact exists precluding summary judgment as to the "out-of-repair" allegations. However, the majority finds the material issue of fact to be whether the Country Club Road "came out of repair" because of the widening and deepening of the ditch. The record reveals the real question of fact to be whether the proximate cause of the accident was the widening and deepening of the ditch or a rough road surface, if either. Plaintiff and another passenger in the bus affy that the bumpy road surface caused the bus to go into the ditch. Conversely, one of the investigating officers found the surface to be dry, smooth, and recently bladed. Therefore, it appears a material issue of fact does exist. It follows that a summary judgment on all counts was improvidently granted.

A finding that widening and deepening the ditch caused the accident is not conclusive of liability, however, because that determination could be considered either an act of repair or a reconstruction and redesign of the road. Since finding the latter would preclude liability, it may become a question of law for the trial court to apply SDCL §§ 31–32–10, and –11 and determine whether a widening and deepening of the ditch in 1978 was an act of construction protected by sovereign immunity or an act causing the road to come out of repair which subjects the Township to liability.

WUEST, Justice (concurring in part, dissenting in part).

I concur with that portion of the majority's opinion holding the trial court properly granted summary judgment as to appellant's counts alleging negligence, nuisance, and strict liability. However, I dissent as to the balance of the majority opinion.

The majority holds the widening and deepening of the ditch in 1978 by the township creates a genuine issue of material fact as to whether the Country Club Road was "out of repair."

In my opinion, the deepening and widening is a part of the design or plan of the road. Moreover, the township is not liable for negligent construction, maintenance, or repair of the road. *Jensen v. Hutchinson County*, 84 S.D. 60, 166 N.W.2d 827 (1969); *Dohrman v. Lawrence County*, 82 S.D. 207, 143 N.W.2d 865 (1966); *Reaney v. Union County*, 69 S.D. 392, 10 N.W.2d 762 (1943). I would affirm on this issue.

The roadway and ditch were owned and under the control of the township. The railroad's property paralleled the road at the point of the accident. The ditch had been constructed in 1973 by the railroad, working with the township, to provide draining. In 1978, the drainage ditch was cleaned out by a contractor hired by the township. Some of the dirt was piled on the railroad's property.

Plaintiff claims the railroad is liable under Restatement (Second) of Torts § 368 (1966). The Restatement of Torts recognizes that one who creates or permits an excavation to remain on his land so near an existing highway that he realizes or should realize it involves an "unreasonable risk" to others accidentally brought into contact with the excavation while traveling "with reasonable care upon the highway," is liable to persons traveling on the highway, or who "foreseeably deviate from it in the ordinary course of travel."

The criterion for application of this rule include that plaintiff be one of "those who reasonably and expectably deviate from the highway and enter upon the abutting land in the ordinary course of travel," and that there be an entry upon the abutting land, in this case the railroad's property. Restatement (Second) of Torts § 368, Comment e.

This Restatement rule was discussed and its application explained in *Kimball v. City of Sioux Falls*, 71 S.D. 35, 41, 20 N.W.2d 873, 875 (1945). We said:

> When a motor driven vehicle becomes defective or unmanageable, or has gotten out of the control of the driver, or when such vehicle is driven recklessly, or when the driver becomes negligent, and an accident results which was not brought about by some defects in the condition of the highway, such accident is not an incident to ordinary travel, does not happen as a result of the ordinary use of the highways, but is classed as an unusual and extraordinary occurrence. (citations omitted)

In my opinion, the failure of the driver (Lancaster) to keep the bus on the roadway was an unusual and extraordinary occurrence which the railroad was not expected to anticipate or guard against. I would also affirm the trial court on this issue.